H. O. HAMLIN and another *vs.* JOHN SCHULTE.

February 5, 1884.

**Agent to Find Purchaser of Land—Commission, when Earned.**—To entitle one to commissions for procuring a purchaser of property on specified terms, he must produce a person ready and willing to purchase on those terms. Application of this rule to the facts of this case.

This action was brought in the district court for Hennepin county, to recover commissions claimed to have been earned by finding a purchaser for certain real estate owned by defendant. The case was tried before *Young*, J., and a jury, and plaintiffs had a verdict. Defendant appeals from an order refusing a new trial.

*Ueland, Shores & Holt,* for appellant.

*W. E. Hale,* for respondents.

BERRY, J. Defendant, owning a building in which he and his wife resided, and a lease of the ground upon which the same was situate, employed plaintiffs, by written *memoranda,* to procure for him a purchaser thereof for the price of $25,000, as follows: $5,000 cash; $5,000 on or before 5 years; and $15,000 on or before 10 years, with semi-annual interest at 7 per cent. per annum on the deferred payments. No other terms, conditions, or particulars of sale were specified in the *memoranda.* Plaintiffs, alleging that they procured a purchaser on the terms above mentioned, bring this action to recover their commissions.

The obvious rule is that to entitle one to commissions for procuring a purchaser of property on specified terms, he must produce a person ready and willing to purchase on those terms. *Wylie* v. *Marine Nat. Bank,* 61 N. Y. 415; *Sibbald* v. *Bethlehem Iron Co.,* 83 N. Y. 378. In proof of their claim that they had procured a purchaser (Benton) upon the terms of the *memoranda,* plaintiffs put in evidence a written instrument (Exhibit D) purporting to be signed by them as agents for defendant and *his wife,* and by the alleged purchaser, and further purporting to sell to said purchaser the building and lease upon the terms mentioned in the *memoranda,* with other

terms as follows, to wit: "Possession to be given April 1, 1883; and we hereby agree to convey said building, and all our rights named, by good and sufficient warranty deed, on or before March 20, 1883, and at the same time to assign, by sufficient instrument in writing, to him the lease of the ground, subject to all its terms and conditions. Said property to be clear of all liens and incumbrances, with the ground rent paid, and all the terms and conditions of said lease complied with, up to April 1, 1883. Conveyance and assignment to be made only upon receipt at the same time of $4,800 cash, ($200 cash is already received,) and the notes of the grantee—one for $5,000, payable on or before five years from date, and one for $15,000, payable on or before 10 years from date, both with interest at the rate of seven per cent. per annum, payable semi-annually, and secured by mortgage on said property, and to be made to said Benton, or whosoever he may in writing designate. This sale and conveyance to be made subject to the certain lease of a portion of the building held by Jacob Barge, and subject to all other leases given by me in writing prior to this date. All rents due from any of said tenants from and after April 1, 1883, to belong to the grantee."

This action is brought, as before stated, to recover commissions for *procuring a purchaser* of defendant's property. Plaintiffs' employment by defendant was to procure a purchaser upon the terms mentioned in the *memoranda*. The written instrument, from which we have quoted at length above, shows that the purchaser was procured upon those terms, and upon additional terms not mentioned in the *memoranda*. Now, the trial court (defendant excepting) instructed the jury, and repeatedly, that the written instrument (Exhibit D) was "in substance a compliance" with the terms of the *memoranda*. If this was wrong, it was an error which will entitle defendant to a new trial, notwithstanding the fact urged by plaintiffs that the case settled does not purport to contain all the evidence. The "case" stands as a bill of exceptions.

In our opinion the instruction was erroneous. It cannot be said, as a matter of law, that some of the additional terms inserted in Exhibit D are not substantial additions to the terms specified in the *memoranda*. If this is so, Exhibit D is not "in substance a compli-

ance" with the *memoranda,* but it goes beyond them, and substantially; and the alleged purchaser was not procured upon the terms upon which plaintiffs were employed and authorized by the *memoranda* to procure one. The *memoranda* left all the details of the trade, except as respects the payment of the price, to negotiation and arrangement between defendant and the purchaser, whoever he might be. Now, while the law would doubtless imply an obligation on the part of defendant, in case of sale, to make proper conveyances of his property, and that it should be clear of incumbrances; that all ground rent due at the time of the conveyance should be discharged; that defendant's wife (if the property was a homestead) should join in the conveyance, etc., so that defendant could not properly object to the provisions of Exhibit D as to these matters, it certainly would not, as a matter of course, imply an obligation on defendant's part, in case of sale according to the terms of the *memoranda,* to execute conveyances *on or before March 20th,* (Exhibit D was executed March 13th,) and at the same time to retain possession *until April 1st, and then* to give it up "with the ground rent paid and all the terms and conditions of said lease" (*i. e.* the lease under which defendant held) "complied with up to April 1st." We cannot tell (neither could the trial court) what effect these provisions might have. For aught that appears to the contrary, the terms of defendant's lease may be such that a quarter's ground rent in advance may have fallen due between the time fixed for the execution of the conveyances—to wit, on or before the twentieth of March—and the first of April, inclusive, and there may have been other terms and conditions of the lease (of which we know nothing) to be fulfilled in that interval of time. What would have been the effect of a showing that the terms named in Exhibit D, additional to those mentioned in the *memoranda,* were substantially immaterial to defendant, we need not, in the present aspect of the case, determine.

Again, by Exhibit D, "we" (that is defendant and wife) "agree to convey," etc., "conveyance to be made    *    *    *    only upon receipt of" the cash and notes mentioned. This is a provision for the payment of the money and the execution and delivery of the notes to defendant *and his wife;* not to defendant alone, as per the *memoranda.*

This is a consequence of plaintiffs' unauthorized assumption of authority to execute Exhibit D for Mrs. Schulte as well as for her husband. In these respects, then, (and there may be others,) Exhibit D went beyond the *memoranda*, and substantially, and we are therefore of opinion that the instruction given to the jury was erroneous, and so there must be a new trial.

As to the evidence of ratification of Exhibit D by defendant, it is to be observed, *first*, that the instruction which we deem erroneous was given without reference to any proof of ratification; and, *second*, that as the "case" does not purport to contain all the evidence, there may have been conclusive testimony against any ratification.

Order reversed, and a new trial directed.