(Opinion published 52 N. W. Rep. 273.)

---

EVA MILLER *vs.* WILLIAM V. LATHROP *et al.*

Submitted on briefs May 20, 1892. Decided May 24, 1892.

**Evidence—Statements of One not a Party.**

When husband and wife live upon and cultivate a farm, all the stock on it being used indiscriminately for that purpose by the husband, evidence of his listing for taxation, and mortgaging as his own, certain of the stock claimed by the wife as hers, is not evidence against her on the question of title, unless authorized or known to or acquiesced in by her.

**Evidence—Statements of a Mutual Agent.**

When two persons, not speaking a common language, voluntarily agree on a third to interpret between them, the latter is to be regarded as the agent of each to translate and communicate what he says to the other, and such communication by the interpreter is not hearsay, and the party to whom it is made may testify to it.

Appeal by defendants, William V. Lathrop and Charles F. Ireland, from an order of the District Court of Swift county, *Powers,* J., made October 9, 1891, denying their motion for a new trial.

Joseph Miller, the husband of plaintiff, on January 8, 1890, executed and delivered to defendants a mortgage, upon four horses, three cows, and some farm machinery, to secure the payment to them of $206.86 one year thereafter, with interest at ten per cent. a year. He died in December following. The debt fell due, but was not paid. In April, 1891, defendants took the property under the mortgage, and were about to sell it under the power therein, when the widow brought this action to recover possession of it. She claimed to have been the owner of the chattels at the time her husband gave the mortgage. It was shown on the trial, that soon after the death of the husband, Ireland went to the farm where Eva Mil-

ler, the plaintiff, resided, and saw her. He understood English only and she only Polish. Her daughter, who was present, was able to talk in both languages. Through her as interpreter they had a conversation regarding the property, and the mortgage given upon it by the husband. At the trial defendants offered to prove by Ireland as a witness, what the girl, acting as interpreter, said there between them; that she stated that her mother told her to say that the chattel mortgage was all right; that she knew about it, and was going to pay it; but that she said nothing about being herself, the owner of the property. This was objected to by plaintiff as hearsay, and was excluded by the court. The defendants excepted to the ruling. Plaintiff had a verdict. Defendants moved for a new trial, for errors of law occurring at the trial. Being denied, they appealed, and assigned as error, among others, the exclusion of this evidence.

*E. T. Young*, for appellants.

*S. H. Hudson*, for respondent.

The conversation was objectionable as hearsay. The witness could not give the words and language of the plaintiff, but the words of her daughter only, who acted as interpreter. This interpreter, could have been produced as witness if desired. On this ground the evidence was properly excluded.

GILFILLAN, C. J. There is no assignment of errors covering the question of error in excluding evidence that plaintiff did not list the animals now claimed by her for taxation.

The evidence offered, that plaintiff's husband listed the property for taxation as his, and that he had previously mortgaged it as his, without evidence that she authorized or knew of and acquiesced in it, was not evidence against her that the property was his. It could not be admitted on the theory of authority in him to do those acts, for, while he might be regarded as her agent or bailee for the purpose of working the animals on the farm, he could not from that be assumed to be acting as her agent in representing himself to be the owner. Nor could his acts or declarations, done or made without her knowledge, be proved to characterize his possession, as in some

cases the acts and declarations of a vendor left in possession may be proved to impeach the sale to him. The relations of husband and wife are such that the mere fact that the latter leaves her property in the possession of her husband will not bring it within the rule in the case of vendor and vendee, any more than would any other bailment.

The evidence of defendant Ireland as to a conversation between him and plaintiff, he speaking English and she Polish, her daughter interpreting between them, was competent. The rendering in English by the daughter to him of what her mother said in Polish was not in the nature of hearsay. When two persons voluntarily agree upon a third to act as interpreter between them, the latter is to be regarded as the agent of each to translate and communicate what he says to the other, so that such other has a right to rely on the communication so made to him. It is the communication of the party through his agent.

Order reversed.

(Opinion published 52 N. W. Rep. 274.)

