(Opinion published 52 N. W. Rep. 274.)

---

### St. Paul Trust Co. *vs.* Wampach Manufacturing Co.

Submitted on briefs May 13, 1892. Decided May 24, 1892.

**Corporations, Power of.**

> A manufacturing corporation organized under the laws of this state may take insurance on its property in an insurance corporation organized under Laws 1881, ch. 91, so as to be bound upon its premium notes.

Appeal by defendant, the Wampach Manufacturing Company, from a judgment of the District Court of Scott county, *Cadwell*, J., entered June 27, 1891.

The defendant was a corporation organized under Laws 1873, ch. 11, and was engaged in the manufacture of wagons and other vehicles at Shakopee, Minn. On June 23, 1887, it insured its property to the extent of $2,500 for five years, against loss by fire, in the North Star

Mutual Insurance Company. In consideration of the insurance, it gave the Insurance Company its note for $468.75, payable in installments, and at such times, as the directors of the Insurance Company might order and assess, for its losses and expenses pursuant to its charter and by-laws. The note was made nontransferable. Defendant soon after paid twenty per cent. of the note.

On September 8, 1887, the Insurance Company, by reason of losses, was insolvent, and voluntarily petitioned the District Court, for the appointment of a receiver of its property. On September 10, 1887, the plaintiff, the St. Paul Trust Company, was appointed such receiver, and accepted the trust and took possession of its notes and assets. On August 19, 1889, the District Court made an order, whereby the receiver was directed to assess and collect fifty per cent. of the unpaid balance of its notes. It made the assessment, gave notice thereof, and demanded payment; but the assessment remained unpaid over forty days. The receiver then brought this action, to recover the whole amount unpaid upon the note. The action was tried by consent before the court without a jury. Findings were filed and judgment entered for the plaintiff for $420.20, and defendant appealed.

*Southworth & Coller*, for appellant.

*Harvey Officer*, for respondent.


GILFILLAN, C. J. The only question in this case is, can a manufacturing corporation organized under the laws of this state take insurance on its property in a corporation organized under Laws 1881, ch. 91, being "An act authorizing the formation of millers' and manufacturers' mutual insurance companies," so that its premium note given on such insurance may be enforced?

The only provision of statute claimed to be a prohibition of such insurance is the clause in 1878 G. S. ch. 34, § 122, that "it shall not be lawful for said corporation to direct its operations or appropriate its funds to any other purpose " than that specified in the articles of incorporation. How money paid or a note given for insurance of its property is directing its operations or appropriating its funds to any other than the purpose of its organization is not

apparent. But it is urged that by the terms of Laws 1881, ch. 91, § 12, the persons insuring in a corporation organized under it become, and during the continuance of their insurance are, members of the corporation, and that this, in the case of a corporation for manufacturing purposes, is to "direct its operations and appropriate its funds" for a purpose other than that of its organization, within the meaning of said section 122, and is therefore prohibited. If that could be held in any case where the becoming *sub modo* a member of another corporation is merely an incident to doing what any corporation has power to do, to wit, insuring its property, it cannot be so held of a manufacturing corporation, when the provision in section 122 and the provisions of chapter 91 are construed together. By the terms of the latter act, any person engaged in the business of milling or manufacturing may join with others in forming a mutual insurance company, and any person may insure therein upon any mill, manufactory, elevator, or the contents or products thereof. The act does not, in terms, make any distinction between natural and artificial persons; and as there can be no reason why the latter class, constituting so large a proportion of those engaged in milling and manufacturing business, should be excluded from the advantages and benefits which the legislature, as we must presume, supposed might be derived from such a law as chapter 91, we cannot assume that any such distinction was intended. So that, if any act enabling a manufacturing corporation to effect insurance on the mutual plan was required, chapter 91 may be taken as such enabling act.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 274.)