Kiel vs. Choate and another.

Kiel, Respondent, vs. Choate and another, Appellants.

*February 19 — March 10, 1896.*

*Promissory notes: Liability of indorsers as between themselves: Evidence.*

As between two indorsers in blank of a promissory note, one of whom has paid it and sued the other for contribution, it may be shown by oral evidence that they were accommodation indorsers and agreed, at the time, that as between themselves each should be liable for one half.

Appeal from a judgment of the circuit court for Winnebago county: Geo. W. Burnell, Circuit Judge. *Affirmed.*

On the 6th day of April, 1888, the Ingalls, White Rapids & Northern Railway Company executed three several promissory notes, of $1,000 each, to *J. N. Kiel. Kiel* indorsed them in blank, and under his indorsement was the blank indorsement of *Choate & Bray.* In this condition they were negotiated to the First National Bank of Menominee, Mich. *Kiel* paid the notes to the holder, and brings this action against *Choate & Bray* for contribution. He alleges that both indorsements were for the accommodation of other persons, J. H. Kiel and Peter Grattan, and that at the time of indorsement it was agreed between them that, as between themselves, *Kiel* should be liable for one half, and that *Choate & Bray* should be liable for the other half. The main contention on the trial was whether it was com-

petent to show this agreement between the indorsers, as to their liability as between themselves, by oral evidence. It was urged for the defendants that the admission of such evidence was in violation of the rule that oral evidence is incompetent to contradict or vary the terms of a written contract. The court received the oral evidence. The trial resulted in a judgment for the plaintiff, from which this appeal is taken.

For the appellants there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper*. To the point that evidence of a conversation between *Kiel* and *Choate* prior to the indorsement is inadmissible to modify the subsequent indorsement, they cited *Charles v. Denis*, 42 Wis. 56–58; *Smith v. Caro*, 9 Oreg. 278, 287; *Johnson v. Ramsay*, 43 N. J. Law, 279; *Martin v. Cole*, 104 U. S. 30, 37; *Eaton v. McMahon*, 42 Wis. 484; *Chaddock v. Vanness*, 35 N. J. Law, 517; *Doolittle v. Ferry*, 20 Kan. 230; *Farr v. Ricker*, 46 Ohio St. 265; *Johnson v. Glover*, 121 Ill. 283, 286; *Courtney v. Hogan*, 93 id. 101, 104; *Moorman v. Wood*, 117 Ind. 148; *Rodney v. Wilson*, 67 Mo. 124; *Dale v. Gear*, 38 Conn. 16; 2 Parsons, Notes & B. 24; *Liebscher v. Kraus*, 74 Wis. 387; *Abrey v. Crux*, L. R. 5 C. P. 37; *Young v. Austen*, 4 id. 553; *Adams v. Wordley*, 1 Mees. & W. 374.

For the respondent there was a brief by *Eaton & Weed*, and oral argument by *M. H. Eaton*.

NEWMAN, J. It was settled for this court by *Cady v. Shepard*, 12 Wis. 639, that, where a note is indorsed by a payee and a third party, the legal inference from the instrument itself that the payee is the first indorser may be explained by oral evidence of the facts and circumstances under which the indorsement was made, in order to show the proper order of liability among the indorsers. The indorsement itself is not such a written contract between the indorsers themselves as cannot be explained by oral evidence.

Kiel vs. Choate and another.

Between the indorsers, the presumption no doubt is that, as between themselves, their liability is in the order in which their names appear upon the paper. But that is a fact which is collateral to the contract of indorsement, and may be proved and the presumption rebutted by oral evidence. The authorities are nearly or quite uniform. 2 Rand. Com. Paper, §§ 740, 741, 908, and cases cited; 1 Daniel, Neg. Inst. (3d ed.), §§ 703, 704, and cases cited; 2 Whart. Ev. (3d ed.), §§ 942, 1060, and cases cited in note 1; 18 Cent. Law J. 382; Browne, Parol Ev. § 83, and cases cited. It does not conflict with the rule that parol evidence is inadmissible to contradict or vary the terms of a written contract. No doubt, within this rule, a blank indorsement is to be treated as a written contract. But the blank indorsement forms a new and independent contract between the indorser and indorsee. It implies a promise that the paper is due and payable according to its tenor; that the maker or previous indorsers will pay it at maturity, when duly called upon and notified; and that the indorser will pay the same if they do not. The promise is made to the immediate indorsee not only but to each subsequent indorsee. It is an agreement between the indorser and subsequent holder of the note. But it does not import an agreement among the indorsers themselves as to the order or manner of their liability. The indorser is liable alone on his contract of indorsement, and not jointly with the maker on the note itself. Boyd v. Beaudin, 54 Wis. 193, 201; 1 Daniel, Neg. Inst. (3d ed.), § 669; 2 Parsons, Notes & B. 23.

The obligation of one indorser to contribute to one who has paid the note does not arise from any breach of the contract of indorsement, but only from its fulfillment. It is not an action upon the contract of indorsement at all, but is a liability which springs collaterally from it. It arises out of an agreement between the indorsers themselves. In the absence of evidence of a special agreement, the law implies

that they have agreed to be liable severally, in the order in which their names appear upon the paper. But this presumption is of little weight in the presence of evidence showing an actual agreement. Such evidence does not contradict or vary the contract of indorsement, which is only collaterally in issue. Browne, Parol Ev. 18; Abb. Tr. Ev. 7, 294; 1 Greenl. Ev. § 89; *Phillips v. Preston,* 5 How. 278. The charge was correct in substance, and fairly submitted the question to the jury.

*By the Court.*— The judgment of the circuit court is affirmed.