BREITENGROSS, Respondent, vs. FARR, imp., Appellant.

*May 25 — June 23, 1898.*

*Negotiable instruments: Accommodation indorser: Parol evidence.*

One who in fact signed or indorsed commercial paper for the accommodation of another may show that fact by parol, in an action brought against him by such other.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

For the respondent the cause was submitted on the brief of *M. Barry*.

WINSLOW, J. This is an action brought by the second indorser of a promissory note against Ensign, the maker, and *Farr*, the first indorser, thereof; the second indorser having paid the note on account of the failure of the maker to pay the same. The appellant, *Farr*, answered admitting his indorsement, but alleging that he indorsed it without consideration, solely at the request and for the accommodation of the plaintiff, and introduced evidence tending to show that

fact. The court, however, directed a verdict for the plaintiff, apparently on the ground that it was not competent to prove by parol that *Farr* was an accommodation indorser. This was error. It is well settled that one who in fact signed or indorsed commercial paper for the accommodation of another may show that fact by parol, in an action brought against him by such other. *Kiel v. Choate,* 92 Wis. 517; Story, Prom. Notes, § 479; 2 Jones, Ev. § 509. The question whether *Farr* indorsed the paper for the accommodation of the plaintiff should have been submitted to the jury.

*By the Court.*— Judgment reversed, and action remanded for a new trial.