JOHN W. CLARK v. GEORGE D. DAYTON.[1]

November 21, 1902.

Nos. 13,214—(136).

**Broker—Evidence.**

In an action to recover a commission alleged to have been earned by
plaintiff for services in procuring a tenant for a store building owned by
defendant, the evidence is examined, and *held* insufficient to sustain a
verdict for plaintiff.

Appeal by defendant from an order of the municipal court of
Minneapolis, Dickinson, J., denying a motion for judgment not-
withstanding the verdict or for a new trial. Reversed, and judg-
ment ordered for defendant.

*Hicks, Carleton & Cross,* for appellant.

*Maxil D. Robb,* for respondent.

BROWN, J.

Action to recover a commission alleged to have been earned by
plaintiff for services in procuring a tenant for a store building
owned by defendant. Plaintiff had a verdict in the court below,
and defendant appealed from an order denying his alternative
motion for judgment notwithstanding the verdict, or for a new
trial.

There is no substantial controversy about the main or con-
trolling facts in the case. It appears that defendant owned a
certain store building, in course of construction, in the city of
Minneapolis, for which, when completed, he desired to secure a
tenant. Plaintiff learned of this fact, and, after an interview and
some preliminary negotiations with defendant, the parties en-
tered into an agreement by which defendant agreed to pay plain-

1 Reported in 92 N. W. 327.

tiff the sum of $500 if he should procure a satisfactory tenant. In fulfilment of his contract, and to earn his commission, plaintiff introduced to defendant certain parties who were contemplating the formation of a corporation for the purpose of purchasing a stock of goods owned by one Goodfellow, and whom plaintiff presented as being ready and willing to enter into a contract or lease with defendant for his building upon the formation of the corporation.

Some negotiations were had between those parties,—plaintiff, Goodfellow, and defendant,—but never resulted in the formation of a corporation for any purpose whatever, and the evidence very clearly shows that all efforts in that direction by those parties wholly failed. Subsequently, however, at the instance of defendant, members of his family, and others, a corporation was formed, the Goodfellow stock purchased, and a lease made by that corporation with defendant. But the persons whom plaintiff introduced as contemplating the formation of such a corporation, with one exception, were not in any way connected with the corporation actually formed by the efforts of defendant himself; and there is no evidence that plaintiff was in any way instrumental in effecting its organization, or in procuring it to rent the property.

If it can be held that plaintiff earned his commission, it must be on the theory that he introduced to defendant parties who contemplated the formation of a corporation for the purposes stated, which, when formed, would rent the property; but this fact is wholly insufficient to entitle him to the agreed compensation. The rules of law controlling the case are those applicable to sales of real estate on commission. It is thoroughly settled in that class of cases that, to entitle a party to an agreed commission for the sale of real property, he must procure a purchaser who is ready, able, and willing to purchase on terms prescribed by the owner; and, unless he establishes that fact, he is not entitled to his commission. Merely introducing a person who contemplates purchasing, but who is not ready or willing to make a purchase on the terms imposed by the owner, does not entitle the agent to a commission. Armstrong v. Wann, 29 Minn. 126, 12 N. W. 345;

Putnam v. How, 39 Minn. 363, 40 N. W. 258; Francis v. Eddy, 49 Minn. 447, 52 N. W. 42.

As stated above, plaintiff introduced to defendant certain persons who had in mind the organization of a corporation and the renting of this particular property, but they never formed a corporation, and plaintiff never procured them to make a lease of the property; nor did his negotiations or efforts, so far as the evidence shows, have any tendency whatever toward effecting the organization of the corporation actually formed by defendant and his associates, nor did he procure the corporation so formed to rent the property. He was not interested in the corporation as a stockholder, nor in any way instrumental in furthering the purposes of it or in directing its affairs.

There is no substantial controversy in the evidence, so far as the controlling features of the case are concerned, and the prominent facts we have mentioned conclusively show that plaintiff is not entitled to the commission claimed. It does not appear at all probable that the situation may be changed on a new trial by other evidence, and defendant is entitled to judgment notwithstanding the verdict.

The order appealed from is reversed, and the cause remanded, with directions to enter judgment accordingly.