M. S. RUTHERFORD and Another v. GEORGE H. SELOVER
and Another.[1]

November 28, 1902.

Nos. 13,108—(112).

Broker's Commission—Evidence.

In an action to recover a commission alleged to have been earned by
plaintiffs on the sale of certain real property under a contract with
defendants, the record is examined, and it is *held* (1) that the evidence is
sufficient to sustain the verdict of the jury; and (2) that there were no
errors in the admission or exclusion of evidence, or in the charge of the
court to the jury, or in its refusal to charge.

Action in the district court for Hennepin county to recover
$738.50, and interest, commission earned on the sale of real estate
under a contract with defendants. The case was tried before
Simpson, J., and a jury, which rendered a verdict in favor of
defendants. From an order denying a motion for judgment not-
withstanding the verdict or for a new trial, plaintiffs appealed,
their fifty-fourth assignment of error, referred to in the opinion,
being directed to the following instruction in the trial judge's
charge to the jury:

"In considering whether that adjustment was made you will
take into consideration all the testimony, the conduct of the
parties, the probability or improbability of their reaching an agree-
ment of that kind under all the circumstances in the case, and the
probability or improbability of the payment made being a full pay-
ment or only a partial payment; whether or not the parties would
have paid over that sum as a part payment, or whether it was paid
over as a full payment; take into consideration all the circum-
stances at that time, and determine that question of whether or
not that adjustment was made. In determining these questions
you will understand that the burden of proof is upon the person
having the affirmative of the issue. The plaintiffs in this case
allege that these amounts are due them as a commission, and the
burden is upon them to establish that fact by a fair preponderance
of the evidence."

Order affirmed.

[1] Reported in 92 N. W. 413.

*Penney & McMillan* and *E. L. McMillan,* for appellants.
*Arthur W. Selover,* for respondents.

BROWN, J.

Action to recover a commission alleged to have been earned by plaintiffs on the sale of certain real property under a contract with defendants. Defendants had a verdict in the court below, and plaintiffs appealed from an order denying their alternative motion for judgment notwithstanding the verdict, or for a new trial.

The facts, as found by the jury, are as follows: Weyerhaeuser and others were the owners of a large tract of land situated in the county of Mille Lacs, this state, which they placed in the hands of defendants for sale. Defendants, in turn, entered into a contract with plaintiffs by which the latter were authorized to make a sale upon certain specified terms and conditions,—among others, that whatever sale was made should be subject to a reservation of all timber rights in Weyerhaeuser & Co. They were authorized to sell for $3.50 per acre, and were to receive as commission all they obtained above that amount. By the agreement, plaintiffs were given one week in which to procure a purchaser, but they failed to do so, and by a subsequent agreement the time was extended. When the extension was granted, other and further conditions were imposed as to the terms of the sale, to the effect that the lands should be sold subject to mineral rights, in addition to the reservations imposed by the terms of the original contract, if Weyerhaeuser should so require.

Plaintiffs procured one Patterson as a purchaser, who agreed with them to pay the sum of $3.75 per acre for the land; but, upon learning from defendants that the mineral rights were to be reserved, he declined to pay that amount unless defendants should procure from Weyerhaeuser & Co. a relinquishment of those rights. He made a contract with defendants for the purchase of the land, which was subsequently carried out; but he reserved from the purchase price,—$3.75 per acre,—the sum of $1,000, which he declined to pay unless the mineral rights were included in the sale. Defendants paid plaintiffs $1,000 for their services; and this action was brought to recover the sum of $738.50, the same being the

balance of what the commission would have been had Patterson paid the full $3.75 per acre.

These, generally speaking, are the facts in the case, as established by the verdict of the jury, though they are not in harmony with some of the contentions of plaintiffs. However, the verdict of the jury is sustained by the evidence, and we have only to consider whether any errors were committed by the trial court affecting plaintiffs' substantial rights, and which prevented them from having a full and fair trial.

Two classes of errors are assigned,—those in respect to the rulings of the court on the admission and exclusion of evidence, and those in respect to the instructions of the trial court to the jury, and in refusing certain requested instructions.

1. Thirty-two of the fifty-seven assignments of error relate to the action of the trial court in instructing the jury in certain respects, and in refusing certain requested instructions. It is unnecessary to take these alleged errors and discuss them separately. None of them present any vital legal proposition, and they furnish no basis for a new trial. The charge of the learned trial court, taken as a whole, presented the case to the jury in all its aspects fully and fairly, and sufficiently covered all of plaintiffs' requests. The instruction complained of by the fifty-fourth assignment of error is not susceptible of the construction given it by appellants. The court had no intention of shifting upon plaintiffs the burden of proof as to affirmative issues presented by defendants. If plaintiffs thought the instructions likely to be so understood by the jury, they should, under the rule laid down in Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, have called the court's attention to the matter at the time; and, having failed to do so, they are in no position to complain now.

2. During the negotiations between plaintiffs and Patterson leading up to the contract for the purchase of the lands, certain conversations were had between them relative to the terms and conditions of the sale, which conversations plaintiffs sought to prove on the trial, and were prevented from doing so by the rulings of the court. There was no error in the rulings on this subject. The

87 M.—32

conversations between those parties, in the absence of defendants, were not competent in the case, were purely hearsay, and the court correctly excluded them. The question in the case was not what the plaintiffs and Patterson agreed to, but what were the terms and conditions upon which defendants were authorized to make a sale; and whether, at the time Patterson was presented to them as a purchaser, he was ready, able, and willing to make a purchase upon those terms. The jury found as a fact that by the second arrangement between plaintiffs and defendants the mineral rights were to be reserved, if insisted upon by Weyer-haeuser. Therefore, unless the contract between plaintiffs and Patterson was in accordance with that understanding, the conversations between them relative to the purchase were wholly irrelevant to any issue in the case.

3. At the conclusion of negotiations between defendants and Patterson, after plaintiffs had produced the latter as a purchaser, defendants signed and delivered to Patterson a written memorandum specifying the terms and conditions of sale. In this writing appeared the following clause:

"Said contract shall reserve any and all mineral deposits which may exist upon said land, provided our contract with the Weyerhaeusers calls for this reservation."

The writing purports, also, to be a receipt for the sum of $1,000, which was paid by Patterson as a part of the purchase price, and it sets out fully all the terms of Patterson's proposed purchase. It was not signed by the latter, but was delivered to and taken away by him at the time. It is contended by plaintiffs that this writing constituted a contract by which Patterson bound himself to purchase the land at $3.75 per acre, subject to the mineral reservations, which contract could have been enforced by defendants or Weyerhaeuser; hence that they earned their commission, and are entitled to recover.

It is urged in connection with this branch of the case that the court erred in admitting evidence, over plaintiff's objection, to the effect that Patterson refused to carry out the terms of the written memorandum, unless the mineral reservations were withdrawn;

and the alleged error is based on the contention that the written memorandum was a valid and enforceable contract for the purchase of land, and the evidence tended to vary and contradict its terms. It is also urged that the court erred in refusing to instruct the jury in respect to the memorandum that Patterson's signature thereto was unnecessary to make it a valid contract. If the memorandum was intended by the parties as a final agreement in respect to the terms and conditions on which Patterson was to purchase the land, the court was in error in receiving the evidence referred to; it was incompetent, as impeaching the express terms of the writing, and should not have been received. But the parties were in dispute as to whether defendants and Patterson intended the memorandum to constitute a final, binding contract on that subject. The court distinctly stated to the jury that if the parties did intend the memorandum as their contract, and it was so accepted by Patterson, the latter was bound by it, and plaintiffs were entitled to the commission claimed, but, if they did not intend thereby to close the contract, then it was proper for the jury to determine whether Patterson refused to carry out the terms of that writing because of the mineral reservations. The evidence on this question was properly received, and the question was correctly submitted to the jury to determine.

Whether the parties intended the writing to be the contract between them in respect to the terms and conditions of the sale was a question of fact. Mere delivery of the writing to Patterson was not necessarily conclusive that the parties intended it to be the final contract between them, and it was competent to show that such was not the intent. Slocum v. Bracy, 55 Minn. 249, 56 N. W. 826; Phoenix Pub. Co. v. Riverside Clothing Co., 54 Minn. 205, 55 N. W. 912. It is true that it was not necessary for Patterson to sign the memorandum in order to give it validity as a contract, and the court might very properly have so instructed the jury, but the failure to do so was not prejudicial to plaintiffs. The question whether the parties intended the memorandum to be the contract was fully submitted to the jury, and no effect whatever was given to the failure of Patterson to sign. There was no prejudicial error on this subject.

We have examined the other assignments of error on the subject of the admission and exclusion of evidence, and find no reversible error. The evidence fully supports the conclusions reached by the jury, to the effect that Patterson was not ready or willing to make a purchase of the lands at the price of $3.75 per acre, subject to mineral reservations, and that he never, in fact, paid that amount therefor. The $1,000 which the testimony shows he held back has never been paid over, and he refused to pay it because of such reservations. That the parties had the right to embody this feature in the contract was passed upon by the jury, and no reason is presented for disturbing their conclusion in that respect.

The order appealed from is affirmed.