## H. E. BERGH v. F. J. STANEK.[1]

September 30, 1921.

No. 22,426.

**Broker — commission not earned when terms of mortgage are not those authorized.**

A broker authorized to sell for $7,000 in cash, $5,400 in five years, and $10,000 in ten years, all at 6 per cent, does not become entitled to his

[1]Reported in 184 N. W. 371.

commission by tendering a contract which requires his principal to give a deed and take mortgages for the deferred instalments and which pro- vides that such instalments shall be payable on or before the specified dates and that they shall not bear interest until nine months after the date of the contract, unless such contract is accepted by the principal. An offer to accept, qualified by a condition not acceded to, operates as a rejection.

Action in the district court for Swift county to recover $2,600 as broker's commission on a sale of land. The case was tried before Daly, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*George D. Smith,* for appellant.

*Hudson & Hudson,* for respondent.

TAYLOR, C.

Plaintiff is a real estate broker. Defendant is the owner· of 320 acres of land in Swift county. The complaint contains allegations to the effect that defendant employed plaintiff to sell the land and agreed to allow plaintiff as his commission whatever amount he sold it for over and above $70 per acre; that plaintiff procured and produced a purchaser ready and willing to buy the land for $25,000 on terms satisfactory to defendant; that defendant refused to make the sale or perform the contract on his part, and asks judgment for the sum of $2,600 as com- pensation for plaintiff's services. The answer puts in issue all allega- tions of the complaint except as admitted or qualified, and then sets forth that one Nels Amlie held a prior contract for the purchase of the land; that defendant authorized plaintiff to sell the land for $70 per acre net to defendant, but with an express stipulation that no binding contract should be made nor liability of any kind be imposed on de- fendant, unless the prior contract should be terminated in proceedings then contemplated for canceling it, and that the prior contract has not been canceled but remains in full force and effect. The answer further sets forth, in effect, that the contract of sale negotiated by plaintiff was not upon the terms and conditions prescribed by defendant. The reply

denied any knowledge of the existence of the prior contract until after the transactions set forth in the complaint.

The trial court made findings of fact and conclusions of law, and rendered judgment for plaintiff. Defendant appeals. There is no case or bill of exceptions and the only question is whether the findings in connection with the pleadings sustain the judgment.

The court found as a fact that plaintiff had negotiated his sale before he had any notice or knowledge of the prior contract made by defendant with Amlie, and, as a result of this finding, the defense predicated upon the alleged agreement in respect to that contract has been abandoned so far as this appeal is concerned.

Plaintiff is not entitled to his commission, however, unless he produced a purchaser ready, able and willing to buy on the terms authorized by defendant. McDonald v. Smith, 99 Minn. 42, 108 N. W. 290. 1 Dunnell, Minn. Dig. § 1142.

The pleadings do not set forth the terms on which plaintiff was authorized to negotiate a sale, nor the terms of the sale which plaintiff in fact negotiated. The terms authorized are found in a letter incorporated in the findings of fact. The terms of the sale negotiated by plaintiff are found in a contract tendered to defendant which is also incorporated in the findings of fact. On May 21, 1919, plaintiff wrote defendant that a certain unnamed party had made a proposition "that he would pay $6,500 to $7,000 cash, but he wanted the balance to run, which would be $15,400 as follows: $5,400 in five years, and $10,000 in ten years, all at six per cent, figuring a cash payment of $7,000, $2,000 now and $5,000 March 1st, 1920." Plaintiff asked defendant to wire whether he would accept the proposition and added:

"I understand I will have to get my commission above the $70 per acre mark, also understand that you want a payment of $2,000 earnest money." On May 23, 1919, defendant wired: "You may close as per your letter of May 21st, 1919."

On May 29, 1919, plaintiff mailed to defendant for his signature two copies of a contract dated May 24, 1919, and signed by G. R. Watson, the proposed purchaser, and inclosed therewith a draft for $2,000. The proposed contract acknowledged the receipt of $6,000 as earnest money

and part payment for the land, and stated that defendant agreed to sell and convey the land by warranty deed for $25,000 on the following terms:

"Six thousand and no/100 dollars in hand paid as above and $4,000 on June 24th, or as soon thereafter as warranty deed and clear title can be given. On June 24th, 1919, said vendor will accept as part payment on said above described land a mortgage for $5,000 payable on or before March 1st, 1925, with interest at the rate of 6% per annum payable annually from and after March 1st, 1920, and will in addition accept as part payment for said land a second real estate mortgage for the sum of $10,000 payable on or before March 1st, 1930, with interest at the rate of 6% per annum payable annually from and after March 1st, 1920. It is expressly understood and agreed that said.G. R. Watson shall not pay any interest until from and after March 1st, 1920, and it is also expressly understood and agreed that he shall be entitled to 6% interest on the $10,000 he pays down from the time that deed is issued to him and until March 1st, 1920, that is, the land is purchased on March 1st, 1920, terms, with settlement on day that deed is given by said vendor and mortgage accepted.

"It is also agreed and understood that said vendor shall pay the 1919 taxes.

"Said purchaser shall have the right to go on and plow said above described lands as soon as the crops are taken off." There was an indorsement on the back of the contract also signed by Watson changing the above terms in certain particulars not of moment here.

Defendant refused to execute the contract, and on June 3, 1919, returned both contract and draft in a letter in which he said: .

"I just read the contracts, and I wish to say I cannot accept as they are. In the first place the buyer was to assume the mortgage and in the second place they do not carry the clause as per my letter of. April 15, 1919.

"You see that the other contract has not been cleared up, our attorneys are still working on it, and [it] may be cleared any time, so if you hold the contracts until everything is cleared, then we will proceed with them."

Further correspondence followed, but did not result in any agreement and plaintiff brought this suit for his commission.

The terms of the contract tendered by plaintiff were a wide departure from the terms stated in plaintiff's letter of May 21, and authorized by defendant. We call attention to some of the more important differences. The contract required the giving of a deed on the payment of $10,000 and the taking of mortgages for the deferred payments. The authorized terms contained no such provision. The contract provided that the purchaser should pay interest on the deferred payments only from and after March 1, 1920, while the authorized terms contemplated interest on such payments from the date of the making of the contract. The contract provided that the purchaser should be allowed interest until March 1, 1920, on payments required to be made by him before that date, while the authorized terms contained no such provision. The contract provided that one of the deferred payments should be payable on or before five years and the other on or before ten years, while the authorized terms required the first of these payments to be payable in five years and the second in ten years. The terms of the contract were materially and substantially different from those authorized, and plaintiff did not become entitled to his commission by tendering such a contract. Hamlin v. Schulte, 31 Minn. 486, 18 N. W. 415; Jackson v. Badger, 35 Minn. 52, 26 N. W. 908; Hornsby v. Hause, 35 Minn. 369, 29 N. W. 119; Marble v. Bang, 54 Minn. 277, 35 N. W. 1131; Fairchild v. Cunningham, 84 Minn. 521, 88 N. W. 15; Clark v. Dayton, 87 Minn. 454, 92 N. W. 327; Rutherford v. Selover, 87 Minn. 495, 92 N. W. 413; Quist v. Goodfellow, 99 Minn. 509, 110 N. W. 65, 8 L.R.A. (N.S.) 153, 9 Ann. Cas. 431.

Procuring a purchaser ready and willing to buy on terms different from those prescribed by the owner, does not entitle the broker to a commission, unless such different terms are accepted and agreed to by the owner. 4 R. C. L. 303, § 46. Defendant did not accept the contract tendered to him. His proposition to the effect that if plaintiff would hold the contract "until everything is clear" he would then proceed with it, was not acceded to, and did not amount to an acceptance of the contract as proposed. Hamlin v. Wistar, 31 Minn. 418, 18 N. W.

145; Langellier v. Schaefer, 36 Minn. 361, 31 N. W. 690; Baker v. Brundage, 131 Minn. 299, 154 N. W. 1086. An acceptance qualified by a condition not acceded to, operates as a rejection of the proposition as made.

Judgment reversed.