# H. W. WHITE INVESTMENT COMPANY v. CHARLES D. KELSO.[1]

October 21, 1921.

No. 22,513.

**Broker — cash sale — offer to assume mortgage.**

A broker, authorized by his principal to sell for cash at a specified price, does not earn his commission by procuring a purchaser at the price asked, who proposes to assume a mortgage upon the property and pay the difference in cash.

Action in the municipal court of Minneapolis to recover $275 as broker's commission for selling real estate. The answer alleged that, before any satisfactory terms had been offered to defendant on behalf of any purchaser by the plaintiff, defendant canceled the agreement by notice that the property had been taken off sale and would not be sold on any terms. The case was tried before Reed, J., who when plaintiff rested denied defendant's motion to dismiss, and at the close of the testimony denied defendant's motion for a directed verdict and granted plaintiff's motion for a directed verdict. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Arthur Le Sueur,* for appellant.

*Robert M. Crounse,* for respondent.

DIBELL, J.

Action by a real estate broker to recover commission. The court directed a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

The defendant listed with the plaintiff, a real estate broker, a piece of property in Minneapolis for sale for cash for $6,000. The plaintiff procured a purchaser who offered to assume a mortgage of $2,700, and

[1] Reported in 184 N. W. 790.

pay the balance of $3,300 in cash. The defendant declined the offer. The terms offered by the purchaser were not those upon which the defendant authorized his broker to sell. It may be material to the seller that he have all cash instead of part cash and an assumption of a mortgage. Anyway, the terms of sale required all cash. That a broker, to earn his commission, must procure a purchaser ready to purchase on the terms which he is authorized by the owner to offer, is fundamental. Bergh v. Stanek, supra, page 73, 184 N. W. 371. This the plaintiff did not do.

Order reversed.