# E. D. CLAGGETT AND ANOTHER v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.[1]

June 1, 1923.

No. 23,459.

**When person present may testify what parties to contract said.**

1. If the making of an oral contract between one of the parties to the suit and a third party becomes an issue in the trial, any witness who was present may testify to what was said by both parties to the contract.

**Consignor may maintain action for loss of shipment, when.**

2. A consignor who had guaranteed the safe delivery of a shipment, and has made good to the consignee the loss sustained by the carrier's failure to safely deliver, may maintain an action for such loss.

Action in the district court for Steele county to recover $90.80 for a consignment of beer frozen in transit. The case was tried before Childress, J., who at the close of the testimony granted defendant's motion to dismiss the action. From an order denying their motion for a new trial, plaintiffs appealed. Reversed.

*Leach & Leach,* for appellants.

*Catherwood & Nicholsen* and *B. E. Hughes,* for respondent.

HOLT, J.

Plaintiffs, consignors of a shipment of beer, sued the carrier for damages in that part of the beer was spoiled in transit by freezing. When plaintiffs rested, the action was dismissed. From the order denying a new trial, they appeal.

In December, 1916, plaintiffs ran a saloon at Blooming Prairie, Minnesota, and had some Greek customers at Des Moines, Iowa, who were unable lawfully to obtain the needful Christmas cheer at home. Some 28 of these separately ordered of plaintiffs and paid for certain quantities of beer to be delivered to defendant at Blooming

[1]Reported in 193 N. W. 957.

Prairie for shipment to them at Des Moines. When delivered to the consignees by defendant part of the beer was frozen and worthless. Plaintiffs either refunded what the consignees had paid or else replaced what was frozen. So far there was no dispute. Plaintiffs sought to prove that they had an agreement with the consignees guaranteeing the safe delivery of the beer. This was excluded upon defendant's objection. An exception was saved. We think the court in error. The attorney for the carrier suggested in his objection that, unless plaintiffs had every consignee in court to testify, plaintiffs' testimony would be mere conclusions. This position cannot be maintained. As to the oral agreement between plaintiffs and their customers, the consignees of the shipment, we see no good reason why the testimony of the one of plaintiffs who made it would not be equally as admissible as that of the other party to the bargain. Defendant seems to concede that properly the consignors might testify to what they said to the consignees, but says it takes two to make a bargain, and that what the consignees said would be hearsay as to defendant. This surely is not correct. When the making, or existence, of an oral contract becomes an issue in a lawsuit, any witness who was present when it was made may testify as to what both parties said touching the terms of the contract.

The legal justification for the dismissal is also placed upon the ground that the title and ownership of the shipment was in the consignee and therefore the consignors could have no cause of action. But we think it appears here that plaintiffs retained an interest in the shipment by their guaranty of safe delivery so that the action for failure to so deliver accrued to them when it appears that the loss to the consignees has been made good by plaintiffs. In fact the frozen beer was thrown back on the consignors, and this would entitle them to sue according to Savannah, Florida & Western Ry. Co. v. Commercial Guano Co. 103 Ga. 590, 30 S. E. 355, cited in Burnap v. Chicago Great Western Ry. Co. 101 Minn. 542, 112 N. W. 1141; Norfolk Southern Ry. Co. v. Norfolk Trucksters Exchange, 118 Va. 650, 88 S. E. 318. Hutchinson, Carriers (3d ed.) states that it does not follow that, because the consignee is presumptively the owner of the goods shipped, he is the only party entitled to sue the carrier

for the loss or damage. "They may have been sent to him through the carrier without his knowledge or procurement, and solely at the risk of the consignor, and the question at whose risk they were sent will usually determine the further question, to whom they belonged, and who is the proper person to sue for their loss or damage in case it should occur." Section 1304. Again: "That the law will presume, when nothing appears to the contrary, that the consignee is the owner of the goods, and that the contract for their transportation was made with him as such owner; but that this presumption may be rebutted by showing the actual facts or the intention of the parties to the contrary." Section 1320. So we think here the court erred in refusing to let plaintiff prove the allegations of the complaint that they had guaranteed the safe delivery to the consignees and had made good this guaranty.

We do not reach the defense pleaded that the shipment was a violation of the prohibition laws of Iowa, for the action was dismissed when plaintiffs rested.

Order reversed.