HELEN K. LEPAK v. ANDREW S. LEPAK AND ANOTHER.[1]

June 21, 1935.

No. 30,404.

*Courtney & Courtney,* for appellant.
*Hunt & Palmer,* for respondent.

STONE, JUSTICE.

Action in *quasi* contract to recover for improvements alleged to have been made by plaintiff on land of defendant Andrew S. Lepak. There was a dismissal as to defendant Francis J. Lepak. Plaintiff

[1]Reported in 261 N. W. 484.

had a verdict against defendant Andrew, who appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

·Plaintiff is the wife of defendant Francis J. Lepak. They are estranged and not living together. The defendants are brothers. The involved real estate is a lake-shore summer residence property owned by defendant Andrew. Plaintiff's claim is that in May, 1922, he "orally agreed" with her, if she and her husband "would enter into possession of the westerly one-half" of the property "and construct thereon a summer home, that said premises would be plaintiff's, and that defendant Andrew S. Lepak would thereupon convey the same to plaintiff." She alleges that pursuant to that oral contract she constructed a cabin and made other valuable improvements; that defendant Andrew having repudiated his agreement and forbidden plaintiff further use of the property, she is now entitled to recover the enhanced value of the premises resulting from her improvements.

1. Without suggesting that the cost of the improvements or the value thereof may not have evidentiary value, we should say, because there has been some question about it and there must be a new trial, that the measure of damages is not the value of the improvements but the resulting enhanced value of the real estate. Keener, Quasi Contracts, 364. That is because the only liability in such cases is for the unjust enrichment of the defendant that would result if there were no recovery. Lancoure v. Dupre, 53 Minn. 301, 55 N. W. 129; Schultz v. Thompson, 156 Minn. 357, 194 N. W. 884; Burleson v. Langdon, 174 Minn. 264, 268, 219 N. W. 155; see also Keener, Quasi Contracts, 278.

2. There must be a new trial because of prejudicial error in excluding evidence offered for the defense. By his answer, defendant Andrew denied the contract alleged by plaintiff and averred that the improvements were made not·by plaintiff but by her husband, defendant Francis, under an agreement between the latter and defendant Andrew, whereby Francis and his family were to have the use of the land for "recreation and diversion," without compensation, "but with the right and privilege" to Francis "to abandon or

remove said cottage at any time he saw fit." On the pleadings, then, the issue was whether the improvements were made under contract between plaintiff and defendant Andrew, or under one between the latter and Francis.

Plaintiff's husband was called as a witness for his brother Andrew. For tactical reasons, he was permitted to testify at length notwithstanding that he was plaintiff's husband. Both from him and from defendant Andrew himself were attempted to be elicited the terms of the alleged contract between them. The objection that the offered testimony was hearsay was made and sustained. In aid of the questions was a rejected offer of proof while Francis was under examination.

In support of the exclusionary ruling, Miller v. Lathrop, 50 Minn. 91, 52 N. W. 274, and Rutherford v. Selover, 87 Minn. 495, 92 N. W. 413, 414, are cited. In the former the evidence excluded was considered incompetent because it went exclusively to the actions of an alleged agent not known to or acquiesced in by the principal. In the other case, while the testimony under discussion was referred to as hearsay, the true ground for its exclusion was found in the fact that the conversations "were wholly irrelevant to any issue in the case." More in point is First Nat. Bank v. St. Anthony & Dakota Elev. Co. 103 Minn. 82, 83, 114 N. W. 265, 267. There an alleged agent had been called to prove facts, including conversations within his own knowledge, tending to show his agency. "Such evidence," said the court, "is not hearsay, but original."

The precise issue is ruled by Claggett v. C. M. & St. P. Ry. Co. 156 Minn. 37, 38, 193 N. W. 957, in these words of Mr. Justice Holt:

"When the making, or existence, of an oral contract becomes an issue in a lawsuit, any witness who was present when it was made may testify as to what both parties said touching the terms of the contract."

That is but a specific application of the general rule that any competent witness with personal knowledge may testify to relevant facts of conversation or conduct. Such testimony is not hearsay.

Erroneous overworking and consequent misapplication of the hearsay rule will be avoided in proportion as we do not forget that its one purpose and only proper use is to reject testimonial assertions untested by cross-examination. 3 Wigmore, Evidence (2 ed.) §§ 1361, 1362. Stressed also is the absence of such guaranty of truthworthiness as would be furnished by the oath of the declarant. But Dean Wigmore is correct in his insistence that it is the absence of the test of cross-examination which mainly explains and limits the hearsay rule. It follows that while the testimony may be objectionable on other grounds, such as irrelevancy, yet when a witness is asked concerning his own conduct or declarations the hearsay objection is not valid. If he is asked concerning the statement of another, wanted as proof of the fact stated (State v. Spencer, 73 Minn. 101, 75 N. W. 893; 2 Dunnell, Minn. Dig. [2 ed. & Supps. 1932, 1934] § 3286), and not merely as proof that the statement was made, the hearsay rule will apply unless the evidence falls within some exception thereto such as that which admits a dying declaration of the victim in a case of homicide.

That a statement was not made in the presence of an objecting litigant does not make it hearsay. The fact that it is the statement not of the witness but of another to which the former is asked to testify is what makes it hearsay. It will not have that effect if the making of the statement itself is in issue or otherwise relevant or the declaration is within some exception to the hearsay rule. More accurately, where an exception applies, the testimony is hearsay but yet of a kind which is admissible notwithstanding its character. To repeat, a declaration is never hearsay unless offered for the purpose of proving as a fact what is stated in the declaration. Thus if witness A is asked if he heard B say that C was a thief, it is hearsay if offered to prove that C is in fact a thief. Not so, however, if the mere making of the statement is the thing in issue, as it would be if B were being sued for slandering C by saying that he was a thief. In such case the making of the statement is in issue, and the testimony is relevant. So also, a statement which is part of a contract in issue is not hearsay but original or direct evidence.

Here the witness was asked for no mere declaration of a third party, but for his own statements and the factual setting in which they were made. Concerning them, if he had been allowed to state what they were, he would have been subject to cross-examination. Obviously, therefore, the hearsay rule did not apply; the case simply did not come within its scope. The questions and offer of proof went only to the conduct of the witnesses themselves. The thing sought to be shown was a legal act, a contract which had been pleaded in defense. The offered testimony was relevant, for if the improvements were made under no agreement between defendant Andrew and plaintiff but rather under one between the brothers, to which plaintiff was not a party, she would be without right of recovery; unless, whatever the agreement, special circumstances entitled her to recover for the enhanced value of Andrew's property resulting from her own contributions. The evidence was no more objectionable than if the alleged contract had been in writing. Written or oral, if made, it was properly pleaded as defensive matter, and otherwise admissible evidence thereof ought not to have been excluded as hearsay. Furthermore, the statements were sought not to prove any independent fact stated outside of court but simply to show the making of the statements themselves and the contract claimed to have resulted from them. "Utterances used not assertively but as a part of some otherwise relevant act" are not obnoxious to the hearsay rule. 3 Wigmore, Evidence (2 ed.) § 1768(2). That proposition had typical application in Claggett v. C. M. & St. P. Ry. Co. 156 Minn. 37, 193 N. W. 957.

Insofar as it denies defendant's motion for a new trial, the order is reversed.

DEVANEY, CHIEF JUSTICE, took no part in the consideration or decision of this case.