## Lorenzo Allis, Adm'r, etc., *vs.* E. S. Goldsmith, Ex'x, etc.

### August 18, 1875.

**Power of Attorney and Verbal Directions to Sell and Convey Real Estate, Held not to Authorize the Conveyance in Question.**—Prior to and on February 16, 1855, L. G. was owner in fee of certain lands. On the same day he executed and delivered to M. H. S. a power of attorney, authorizing him, among other things, for him (L. G.) to buy and sell real estate, and in his (L. G.'s) name to receive and execute all necessary contracts and conveyances therefor. The power was duly recorded June 26, 1855, on which day M. H. S., acting under the same, and as attorney of L. G., conveyed the premises, in fact, to N. S., by a warranty deed, duly recorded June 27, 1855, in consideration of $7,000.00, paid as follows, viz.: $2,000.00 in cash; $1,100.00 by the assuming, and subsequent payment, by N. S. of a mortgage upon the property; $1,100.00 by the discharge of an indebtedness of L. G. to N. S., and the balance by two promissory notes of N. S. for the amount thereof. On July 5, 1855, L. G. conveyed the premises, by warranty deed,

to M. G. The conveyance to N. S. was, in *Greve* v. *Coffin*, 14 Minn. 845, determined to be nugatory as a conveyance upon the ground that the power of attorney did not authorize M. H. S. to make sale and conveyance of the premises. In the case at bar, in addition to the facts which appeared in *Greve* v. *Coffin*, it appears that M. H. S. was verbally directed to make sale of the premises under the power of attorney, and that "a few days after" the conveyance to N. S., M. H. S. reported the facts of the sale to L. G. who verbally approved of the same, and received and accepted the $2,000.00 and the promissory notes aforesaid. *Held*, that the verbal direction to sell did not operate to enlarge the authority of M. H. S. under the power, or to confer authority to sell independent of the power; and that, so far as the verbal direction and the power of attorney alone are concerned, the conveyance, with the verbal direction, is of no more validity than without it.

**Same—Grantee of Principal, without Notice of Verbal Directions, not Estopped by a Ratification Subsequent to the Deed to Herself.**—The defendant contends that the sale and conveyance to N. S. were ratified by the conduct of L. G. in approving the same, and in accepting and receiving the money and notes; or, if there is no ratification, that these facts estop L. G. from setting up any title to the premises. The court below having found that it does not appear that M. G. ever had notice of any such "verbal arrangement, undertaking, or proceeding," between L. G. and M. H. S., or that she ever had any notice of any equities held or claimed by N. S. by virtue thereof or otherwise, *Held*, 1. That M. G. could not be affected by the supposed ratification and estoppel unless the acts upon which they are founded took place before she received her conveyance.

**Same—Burden of Proof of Ratification and Estoppel.**—2. That the burden was upon the party claiming under N. S. to prove the facts establishing a ratification and estoppel as against M. G.

On January 19, 1858, Philip Goldsmith, the defendant's testator, conveyed with warranty to William Coffin, the plaintiff's intestate, certain real estate in Ramsey county, from which Coffin was afterwards evicted by one Mary Greve. See *Greve* v. *Coffin*, 14 Minn. 345. Goldsmith having died, and commissioners having been appointed to receive and audit claims against his estate, Coffin presented to them his claim for $20,000.00, the consideration of the before-mentioned deed to him, with interest from the date thereof, and for his costs and expenses in defending the ejectment suit of *Greve* v. *Coffin*. The claim was allowed, and defendant appealed to the court of common pleas of Ramsey county. Coffin having died, his administrator, Allis, was substituted as plaintiff, and the cause was tried before

*Hall*, J., who ordered judgment for the full amount claimed by plaintiff. A new trial was refused, and defendant appealed.

*Gilman, Clough & Lane*, for appellant.

*Lorenzo Allis*, for respondent.

BERRY, J.[1] Prior to and on February 16, 1855, Levi Greve was owner in fee of certain lands situate in Ramsey county, being the same to which the present action relates. On the same day he executed and delivered to Moses H. Schwarzenberg a power of attorney, authorizing him, (Schwarzenberg,) among other things, for him (Greve) to buy and sell real estate, and in his (Greve's) name to receive and execute all necessary contracts and conveyances therefor. This power of attorney was recorded in the registry of deeds for Ramsey county, June 26, 1855. On that day, in the language of the finding of the court below, " Moses H. Schwarzenberg, acting under said power of attorney, and as attorney of the said Levi Greve, did convey the aforesaid premises, in fact, to one Nathan Schwarzenberg," by a warranty deed, recorded in the registry aforesaid June 27, 1855. At the time of the execution of this deed Moses H. Schwarzenberg and Levi Greve were residing and engaged in business together in Milwaukee, and the former came to St. Paul for the purpose of selling the land aforesaid, under the power of attorney above described, by the verbal direction of the latter. The sale was made to Nathan Schwarzenberg in consideration of the sum of $7,000.00, paid as follows, viz.: $2,000.00 in cash; $1,100.00 by the assuming, and the subsequent payment, by said Nathan of a mortgage upon the property sold; $1,100.00 by the discharge of an indebtedness of said Levi to said Nathan in that sum; and the balance by said Nathan's two promissory notes for the amount thereof.

" A few days after such sale " (in the words of the finding) said Moses saw said Levi at Milwaukee, reported to

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.

him the facts of the sale, and said Levi verbally approved of
the same, and received and accepted the $2,000.00 and two
promissory notes aforesaid.   On July.5, 1855, Levi Greve
conveyed the premises aforesaid, by warranty deed, to Mary
Greve, his brother's wife.

In *Greve* v. *Coffin*, 14 Minn. 345, the court before which
that case was tried below found that "Moses H. Schwärzen-
berg, claiming to act under said power of attorney," (being
the same instrument above mentioned,) "not having any
other authority in the premises," executed the aforesaid
deed to Nathan Schwarzenberg as the act of Levi Greve
and as his attorney in fact.   In that case we held that "the
power of attorney did not authorize the sale and conveyance
of the premises,   *   *   *   and that the deed purporting
to be made in pursuance thereof was entirely nugatory as
a conveyance."   The case at bar, in addition to the con-
tents of the power of attorney, which was all that appeared
in *Greve* v. *Coffin*, discloses the fact of the verbal direction
of Levi Greve to Moses H. Schwarzenberg to sell the land,
and the facts of the verbal approval of the sale by Levi
Greve, and his receipt and acceptance of the money paid,
and notes given, as part of the consideration of the sale.

By sundry mesne conveyances the plaintiff's intestate,
Coffin, acquired all the right which Nathan Schwarzenberg
had in and to the premises, and was evicted therefrom by
Mary Greve, claiming under her deed from Levi Greve.   The
defendant's testator, Goldsmith, was one of the makers of a
joint deed of warranty of the premises to Coffin, and Coffin
having been evicted by Mary Greve under her claim of
paramount title, the object of the present proceeding is to
recover damages for the breach of the covenant of warranty
contained in the joint deed.

Goldsmith not having been brought in to defend Coffin's
title in the action brought by Mary Greve against Coffin, it
is open to his executor to defeat the recovery in the present
proceeding upon the covenant of warranty by showing that

Coffin's title could have been successfully defended against Mary Greve. For this purpose he insists upon the facts before mentioned, as appearing in the case as bar, which were not made to appear in *Greve* v. *Coffin.* One of these facts is that Moses H. Schwarzenberg was verbally directed by Levi Greve to make sale of the premises under the power of attorney.

Had this been a general direction to sell the premises, without any reference to the power of attorney, it might well be contended that it invested Moses H. Schwarzenberg with capacity to make a valid sale, the authority of an agent to contract for the sale of lands not being required to be in writing. Gen. St. ch. 41, § 12 ; *Groff* v. *Ramsey*, 19 Minn. 44. But we are of opinion that the verbal direction to make a sale was limited to the making of it under the power of attorney. That both Levi Greve and Moses H. Schwarzenberg supposed the power of attorney broad enough to authorize the latter to make sale of the premises in question does not alter the case, the fact being, nevertheless, that the direction given, and by which the agent was, of course, bound, was to sell under the power of attorney. The result is that the verbal direction did not operate to enlarge Schwarzenberg's authority under the power, or to confer authority to sell independent of the power, and that so far as the verbal direction and the power of attorney alone are concerned, the conveyance with the verbal direction is of no more validity than without it. Upon the same grounds as in *Greve* v. *Coffin* the deed to Nathan Schwarzenberg must be held to have been unauthorized, and nugatory as a conveyance, at the time of its execution.

But it is contended, upon the facts appearing in the case, that whatever may have been the defects of the sale and deed when they were made, these were cured, and both sale and deed ratified, by the conduct of Levi Greve in approving the sale and conveyance, and in accepting and receiving the benefits and fruits, namely, the money and notes which

formed the greater part of their consideration ; or if, for any reason, technical or otherwise, these acts of Greve have failed to effect a ratification of the sale and conveyance, so as to make the latter a good deed, they have certainly estopped him from setting up any title to the land.

We need not enquire what would have been the law of the case if Levi Greve had not made the conveyance to Mary Greve, or if she had taken the conveyance with knowledge or with notice, in fact or in law, of the circumstances under which the sale and conveyance to Nathan Schwarzenberg were made, or of the acts of Levi Greve, by which it is claimed that he has ratified the sale and conveyance, or is estopped to call them in question. The court below has distinctly found that "it does not appear that the said Mary Greve ever had notice of any such verbal arrangement, undertaking, or proceeding, between the said Greve and the said Schwarzenberg, or that she ever had any notice of any equities held or claimed by Nathan Schwarzenberg by virtue thereof or otherwise." Under such circumstances Mary Greve could not be affected by the supposed ratification and estoppel unless the acts upon which these are founded took place before she received her conveyance, whether it were voluntary or for a valuable consideration. If, at the time when she received her conveyance, the title was perfect in law and equity in Levi Greve, (the sale and conveyance to Nathan Schwarzenberg being of no effect,) no reason can be given why the deed from Levi Greve would not convey to her a perfect and entire title to the property, whether the deed were voluntary or otherwise. When it is shown that the sale and conveyance to Nathan Schwarzenberg were originally unauthorized and nugatory, or, more properly speaking, when it fails to appear that they were valid, the deed to Mary Greve is presumptively good; and if this presumption can be overcome by proof of ratification or estoppel, the burden is upon the party who claims under Nathan Schwarzenberg to prove the facts which establish

the ratification or estoppel as against her. One of these facts is that the acts upon which the ratification and estoppel rest occurred before Mary Greve received her deed. As the court below has failed to find this fact, her presumptive title is not overcome.

The order refusing to set aside the decision and order of the court below is affirmed.