MARY MILLER *vs.* CHARLES J. SAWBRIDGE and another.

October 20, 1882.

Contract for Sale of Land—Fraud of Purchaser in Performance—Action to Cancel Deed.—A contract for the sale of land provided for the delivery of a note, payable five years after date, for a part of the purchase price, which note was to be executed at the time of the delivery of the deed. By fraud the vendees procured the vendor to accept a note payable *on or before* five years after date, and thereupon the land was conveyed by deed to the vendees. *Held,* that the note executed was materially different from that contracted for; that the vendor might, upon discovery of the fraud, revoke such acceptance of the note, and, upon restoration, made or tendered, of what had been received upon the giving of the deed, she was entitled to have the same cancelled.

Appeal by defendants from an order of the district court for Otter Tail county, *McKelvy,* J., presiding, overruling their demurrer to the complaint, the substance of which is stated in the opinion.

*Clapp & Howard,* and *Bigelow, Flandrau & Squires,* for appellants.

The original contract is admitted to have been free from any fraud. The plaintiff does not ask to have that contract set aside, but only the deed under it.    She merely complains of the manner in which the consideration was paid.    Her only grievance is the form of the note, and the only relief she can under any circumstances be entitled to is a reformation of the note.    This is not the relief prayed for.    The plaintiff does not pray for the relief she is entitled to and she shows no title to the relief prayed for.    The complaint fails to state a cause of action for the relief demanded.

Even if the complaint showed a cause of action for the reformation of the note, the difficulty remains that no such relief is demanded in

the complaint, nor was any such demand made of the defendants before suit. *Norris* v. *Milwaukee Dock Co.*, 21 Wis. 130; *Blank* v. *Stone*, 33 Ala. 327.

This is no case for the intervention of equity. The complaint states the exact damage sustained, viz.: $400, to recover which the plaintiff has a perfect remedy at law. *McClane* v. *White*, 5 Minn. 139, (178.)

*J. W. Mason*, for respondent.

DICKINSON, J. Appeal from an order overruling a demurrer to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges these facts: Plaintiff and defendants entered into a contract in writing, whereby plaintiff agreed to sell and convey to defendants, and the latter agreed to buy, certain land for the sum of $5,100, payable as follows: $1,000 cash, and $4,100 in five years after date of the note and mortgage to be given to secure such sum; the mortgage to be upon the same land, and the note to bear interest at the rate of ten per cent. per annum from date until paid. About two days after the making of the contract, the parties being together, plaintiff, pursuant to the contract, executed and delivered a deed, conveying the land. Defendants paid plaintiff $1,000 as a part of the purchase price. The defendants also, at the time of the execution of the deed, made and delivered their promissory note for $4,100, and executed a mortgage upon the land to secure the same. The note, however, was made in terms payable "on or before five years from date," instead of "five years after date." The plaintiff cannot read English at all, and could not read the note. Her husband, who was present, can read writing but poorly, and with great difficulty. The defendants, by false and fraudulent representations, and by artifice, prevented the husband of plaintiff, or any one else on her behalf, from reading it, but they fraudulently, and with a view of gaining an unfair and dishonest advantage of the plaintiff, represented and said that the note was just such a note as had been agreed upon; and she, relying upon the representations, and believing them to be true, accepted the note and mortgage. The note was of a value of $400 less than that

contracted for. As soon as plaintiff discovered the fraud, which was but a few days after the transactions spoken of, she went to tender a return of what she had received, and to demand a reconveyance of the land, but the defendants had departed from the state. Afterwards, and as soon as defendants returned, she tendered to them all they had given her for the land, and a satisfaction of the mortgage, and demanded a reconveyance of the land. Defendants refused to accept the tender, and refused to reconvey the land. The plaintiff brings the tendered property into court to be delivered to defendants, and prays judgment declaring void the deed of the land, and decreeing the title to be in plaintiff as against defendants.

Upon these facts the plaintiff was entitled to relief, and the demurrer was properly overruled. The contract imported that when the deed was executed, conveying the land, a note should be given for a part of the purchase price, payable five years after date. By fraudulent means, the allegations respecting which are sufficient, at least upon demurrer, the defendants procured the acceptance by plaintiff of a note payable on or before five years after date. This was materially different from the note contracted for. The plaintiff was entitled to the benefit of the contract as it was made, and an acceptance by her as being a performance of the contract of something different from that stipulated, if procured by fraud, might be revoked, if seasonably done. When thus revoked, and restoration made or tendered of what had been received upon the giving of the deed, it was as though there had been no performance of the contract, so far as related to the giving of the note. Defendants were entitled to the deed only upon giving the note specified in the contract. The conveyance having been procured by fraud, without performance on the part of the grantees of the stipulated conditions, the plaintiff is entitled to have the deed cancelled, and thus be restored to the position she occupied before it was delivered.

In the brief of the plaintiff it is claimed that she had a right, because of the fraud alleged, to rescind the contract of sale. The case does not require our decision upon this point, but we do not think the position can be sustained. The fraud alleged relates not to the mak-

ing of the original contract of sale, but to the performance of it. Such fraud would vitiate and avoid the acts claimed to have been a performance or execution of the contract, but they could not relate to and avoid the valid contract previously made.

Order affirmed.