ANSON B. JACKSON and another *vs.* WILLIAM BADGER.

March 1, 1886.

**Principal and Agent—Authority to Sell Land.**—Authority to agents, not under seal, to "sell" land, empowers them to make an executory contract to sell, upon the terms prescribed by the principal.

**Same—Contract in Excess of Authority.**—A contract made by agents providing for the payment of the purchase price *on or before* three years is unauthorized, they being empowered only to make it payable *in* three years.

**Same—Requisites of Ratification.**—A principal is not chargeable with liability, on the ground of having ratified such a contract, in the absence of notice or knowledge on his part of the unauthorized terms of it, and no facts existing to raise an estoppel.

**Same—Retention of Earnest-Money by Agent.**—The mere receipt and retention, by the agents, of deposit or earnest-money paid upon such contract, does not estop the principal to deny the validity of the contract.

Plaintiffs brought this action in the district court for Ramsey county, to recover damages for the failure of defendant to perform a contract

for the sale of land alleged to have been made by his authorized agents. The action was tried by a referee, who directed judgment for the plaintiffs. A motion for a new trial was denied by *Brill, J.*, and the defendant appeals from the judgment entered.

The alleged sale was made by the firm of Cochran, Rice & Walsh, real-estate agents, under the authority contained in the following letter, viz.:

"Pittsburgh, Feb. 17, 1885.

"Gentlemen:—Yours of the 14th received. You may sell for $5,000 my 40 acres, $2,000 hand-money, and the balance in three years, with interest. Your fees from the hand-money will be 2½ per cent. from the cash paid on purchase. If not sold before April 1st, I shall want a larger price; and if not sold, can keep it for years yet.

"Respectfully yours, etc.,                    Wm. Badger."

The contract of sale executed by Cochran, Rice & Walsh provided for the payment of $5,000, of which $2,000 was to be paid upon delivery of deed, and "$3,000 on or before three years from date of this contract."

*W. A. Barr* and *H. C. McCartey*, for appellant.

*C. K. Davis*, for respondents.

DICKINSON, J.    1. Although the authority conferred by the defendant, by letter, upon Messrs. Cochran, Rice & Walsh to "sell" the land, was insufficient to empower them to convey, it authorized them, as his agents, to make an executory contract to sell, upon the terms stated therein. *Minor* v. *Willoughby*, 3 Minn. 154, (225;) *Groff* v. *Ramsey*, 19 Minn. 24, (44;) *Haydock* v. *Stow*, 40 N. Y. 363, 368; *Johnson* v. *Dodge*, 17 Ill. 433; *Peabody* v. *Hoard*, 46 Ill. 242.

2. In respect to the time for the payment of the deferred portion of the purchase price, the contract made by the agents, and upon which this action is brought, was substantially different from the terms of sale dictated by the defendant, and, so far as appears, he was not bound thereby. Making the $3,000 payable "*on or before* three years" was not in accordance with the prescribed condition that it should be payable "*in* three years." *Miller* v. *Sawbridge*, 29 Minn. 442, (13 N. W. Rep. 671;) *Hamlin* v. *Wistar*, 31 Minn. 418, (18 N. W. Rep. 145;) *Dayton* v. *Buford*, 18 Minn. 111, (126;) *Siebold* v.

*Davis,* 67 Iowa, 560, (25 N. W. Rep. 778.) The statement of the defendant to Rice, some four years before, that such sum might remain as long as the purchaser should wish, must be deemed to have been superseded by this later communication, prescribing, in unmistakable terms, a definite period of credit. It was for the plaintiffs to inform themselves as to the authority of these agents, who had only special and limited powers; and the case shows, without contradiction, that the defendant's letter to his agents, prescribing the terms upon which they might sell, was shown to one of the plaintiffs.

3. The case does not show that the defendant has ratified the unauthorized contract. The agents wrote to him to the effect that they had made a sale in accordance with the terms prescribed, and thereafter he negotiated with his agents concerning the completion of the sale, as though an authorized contract had been made; but there is nothing to indicate that he had notice or knowledge of the unauthorized terms of the contract, nor are any facts shown which can be deemed to estop him from denying its validity. To have rendered him liable upon the ground of his having ratified the unauthorized contract, he must be chargeable with notice or knowledge of the fact. *Woodbury* v. *Larned,* 5 Minn. 271, (339;) *Humphrey* v. *Havens,* 12 Minn. 196, (298;) *Owings* v. *Hull,* 9 Pet. 607; *Thorndike* v. *Godfrey,* 3 Greenl. 429; Story on Agency, §§ 239, 243. The burden of proving a ratification was, of course, upon the plaintiffs. *Allis* v. *Goldsmith,* 22 Minn. 123.

Although the $50 earnest-money, paid by the plaintiffs to the agents, has never been repaid, that does not charge the defendant with liability if he never authorized nor ratified the contract upon which it was paid, nor, by receiving the money or otherwise, placed himself in the position of having sanctioned the payment. The contract being without his authority, the receipt of the deposit money by the agents was unauthorized, and was not, in legal effect, a receipt by the defendant. The case is not one to which the principle is applicable that one may not receive and retain the benefit of a contract made in his behalf, without being also bound by it.

The judgment must be vacated, and a new trial awarded.

Ordered accordingly.