ANDREW PETERSON v. JAMES O'CONNOR.[1]

January 15, 1909.

Nos. 15,868—(178).

**Real Estate Broker—Authority to Make Contract.**

The owner of land executed a contract to a real estate agent, authorizing him to sell certain real estate within a certain period, at a certain price, and upon certain terms, and agreed to convey the property to the purchaser. *Held,* following Jackson v. Badger, 35 Minn. 52, and distinguishing Larson v. O'Hara, 98 Minn. 71, that the agent was authorized to enter into a contract with a prospective purchaser for the sale of the land.

**Evidence.**

No errors in the rulings on evidence.

Action in the district court for Yellow Medicine county to determine adverse claims to certain lands. The answer admitted that plaintiff was in possession of the premises and set up that defendant claimed an interest in them under the contract of March 12, 1904, mentioned in the opinion, and had been at all times ready to accept and pay for a deed of the same. It further alleged that at the time of the purchase made by plaintiff on March 13, 1904, the latter knew of defendant's contract. The case was tried before Powers, J., who made findings of

[1] Reported in 119 N. W. 243.

fact and as conclusions of law found that plaintiff was the owner and defendant was the equitable owner of the land in dispute. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*H. P. Bengtson* and *C. A. Fosnes,* for appellant.

.The contract of agency did not authorize Mikkelson to execute a contract of sale. Larson v. O'Hara, 98 Minn. 71; Chapman v. Jewett, (Va.) 24 S. E. 261; McCullough v. Hitchcock, 71 Conn. 401. See 8 Am. & Eng. An. Cas. 851; 4 Am. & Eng. Enc. (2d Ed.) 964. There are conditions in the contract of sale which are not covered in the agency contract which no court has a right to compel Huebner to accept. The contract of agency was not acknowledged and Mikkelson had no authority to acknowledge the contract of sale. In the action by Mikkelson against Huebner to recover his commission upon the contract of agency, the sole issue submitted to the jury was as to the alteration of the contract and this was settled in favor of Huebner, so between the parties to it that contract is void for material alterations. It is· under that void contract that defendant claims in this action under his contract from Mikkelson. His rights are no greater or better than those of the agent. The court was wrong in refusing to permit us to show these facts.

*W. A. McDowell,* for respondent.

The parties are concluded by a judgment but not by a verdict of the jury. The evidence offered was properly excluded. The parties were not the same. There was no evidence before the court or offered as to what the issues were. It did not appear the alteration was made prior to March 12, 1904. It did not appear in the offer when the sale was made for which the broker claimed commission. Respondent had a right to establish what the contract was without reference to an adjudication between other parties.

LEWIS, J.

June 20, 1903, William Huebner was the owner of the real estate involved in this controversy, and on that day executed a writing, in part as follows:

"I, the undersigned, Wm. Huebner, of Montevideo, do hereby authorize H. A. Mikkelson to bargain and sell the property above de-

scribed at the price stated, or any other price I may see fit to accept, and I hereby agree to convey said property on sale of same; and I further agree that the above-described property shall be left with the said H. A. Mikkelson for sale as above for the term of 1903 & 4 from date hereof, and thereafter until 30 days' notice is given of the withdrawal of said property from said H. A. Mikkelson's hands, in writing; and if said H. A. Mikkelson sells or is in any manner instrumental in selling said property during said time I will pay him commission thereon at the rate of 10 per cent. on the amount of the sale.

"Dated this 20th day of June, 1903.          Wm. Huebner."

It was also provided that the lowest price net should not be less than $25 an acre. On March 12, 1904, Mikkelson entered into a written contract by the terms of which respondent, O'Connor, agreed to purchase the premises for the sum of $9,900, to be paid in cash, with the option of deducting the incumbrances against the land. This contract was executed by respondent, and Wm. Huebner, by H. A. Mikkelson, agent, in the presence of two witnesses, and was acknowledged March 14 before a notary public by respondent, and by Mikkelson as the attorney in fact and agent of Huebner, and was recorded on the same day. After the execution of these contracts, and on the 28th or 29th of March, 1904, Huebner entered into a contract in writing by which he agreed to convey the premises to appellant. Appellant immediately entered into possession of the premises and commenced this action to determine respondent's adverse claim of title. The trial court found that Mikkelson was duly authorized under the contract of June 20, 1903, to sell the land, that he entered into a contract with respondent for the sale of the land, and that appellant had notice of such sale and all the rights of respondent thereunder at the time he entered into his contract of purchase with Huebner, and found that respondent was the equitable owner of the premises.

1. The main question is whether the contract of June 20, 1903, executed between the owner of the land and Mikkelson, constituted a mere employment of Mikkelson as an ordinary broker or real estate agent to find a purchaser, or whether it authorized Mikkelson to contract for the sale of the premises. The trial court correctly construed the agreement to be one of express authority to make a sale upon the stipulated terms, that it authorized Mikkelson to enter into a contract pursuant to such terms, and that the contract entered into was enforce-

able against the owner. This construction is within the authority of Jackson v. Badger, 35 Minn. 52, 26 N. W. 908, and is distinguishable from Larson v. O'Hara, 98 Minn. 71, 107 N. W. 821, 116 Am. St. 342. In the latter case the broker was employed simply to find a purchaser for the land at a specified price. Here the agent was not only authorized to find a purchaser at a certain price upon certain terms, but the owner agreed to convey the property to such purchaser upon such terms and price. There was no reservation on the part of the owner to complete the terms of the sale, and no intimation that the authority of the agent was limited to bringing the parties together.

2. The contract did not set out the exact number of acres, but described the property by the government description, and the price was fixed at not less than $25 per acre. According to the government survey the total acreage amounted to 326.09 acres, and at the purchase price of $9,900 would average a little more than $30 per acre, and the court so found. Appellant attacks this finding, claiming that it was conclusively shown by the evidence that the actual acreage was 397.59 acres, which would make the price per acre a trifle under $25. In the first place, the evidence was not conclusive that the acreage was as much as claimed by appellant; and, in the second place, even if it were, the difference was trivial, and did not materially affect the validity of the contract as between the parties.

3. At the trial appellant offered to prove that the agent, Mikkelson, had upon a prior occasion brought an action against the owner to recover $1,095 commission, which he claimed to have earned by making the sale under which the appellant claims in this action, and that at such trial Mikkelson testified that he had sold the land to appellant, Peterson, and to no other person. The evidence was offered for the purpose of impeaching Mikkelson as a witness, and was ruled out upon the ground that it was immaterial and irrelevant. The ruling was correct. Whatever Mikkelson may have claimed as to his right to recover a commission would not determine the validity of the contract which he executed with respondent.

4. The evidence was sufficient to justify the court in finding that the contract executed by the owner to Mikkelson covered the term of 1903 and 1904, and that the figure "4" had not been fraudulently interpolated contrary to the terms of the original agreement.

Affirmed.