# JOHN GUND BREWING COMPANY v. HARRIET A. TOURTELOTTE and Another.[1]

May 21, 1909.

Nos. 16,058—(93).

**Authority of Agent.**

An agent with authority to sell certain land of his principal has no implied authority to assign to one with whom he contracts for a sale the rent to accrue from tenants during the pendency of negotiations, or from the date of the contract to the completion of the transaction.

**Ratification by Principal.**

The principal is not chargeable with liability on the ground of having ratified such a contract, in the absence of notice or knowledge on his part of its unauthorized terms.

[1]Reported in 121 N. W. 417.

Action in the district court for Hennepin county to recover $785 rents collected during January and February, 1906. The action also involved an item of $500 which the purchaser was compelled to pay by way of taxes, but upon this appeal the only question urged is that relating to the collection of rents. The case was tried before Frederick V. Brown, J., who made findings and as conclusions of law found in favor of defendants. From an order denying plaintiff's motion for a new trial as to defendant Harriet A. Tourtelotte, it appealed. Affirmed.

*Gjertsen & Lund,* for appellant.

*Charles M. Pond,* for respondents.

BROWN, J.

Defendants were the owners of certain real property situated in the city of Minneapolis, and on December 12, 1906, authorized Wyvell-Harrington Company, real estate dealers, to sell the same for the consideration of $42,000, they to receive $1,000 for their services. The authority of the agents was contained in the following writing:

"In consideration of Wyvell-Harrington Company listing for sale the real estate described in memorandum upon opposite side hereof, I hereby authorize said company to sell or contract in my name to sell the same upon the terms herein mentioned, and agree to execute due and sufficient warranty deed of said real estate, in which my wife or husband shall join, to such persons as said company shall sell or agree to sell the same; and for said consideration I further agree to pay said company $1,000 commission upon any sale of said property while this agreement remains in force, whether such sale be made by Wyvell-Harrington Company or myself, or by any agent acting for me."

On December 20, 1906, the agents entered into a contract for the sale of the property to plaintiff in this action on the terms specified by defendants, which contract contained, among other things, a condition that if the title to the property was not good, or could not be made good within sixty days, the advance payment of $2,000 made by the purchaser should be returned to him, and that if the title was good, and the purchaser failed to complete the transaction

by payment of the balance of the purchase price within sixty days, then and in that case the advance payment should be forfeited. These stipulations gave each party sixty days within which to complete his part of the contract, and no forfeiture could be declared by either before the expiration of that time. The contract of sale contained the further stipulation that the purchaser should have and receive the rents to become due from tenants then occupying the premises on and after January 1, 1907. The contract of sale was never submitted to defendants, and they were not otherwise informed of the terms thereof, save that a sale had been effected for $42,000. They conveyed the property, however, pursuant to the contract, and plaintiff paid in full the purchase price. Some controversy appears to have arisen respecting the payment of taxes, and the sale and transfer were not completed until March 1, 1907. In the meantime defendants remained in control of the premises and collected the rents accruing from tenants for the months of January and February. Thereafter plaintiffs brought this action to recover the rent so received, basing the action upon the special stipulation in the sales contract, assigning the same to it. The action was tried below without a jury, and judgment was ordered for defendants, on the ground that the agents had no authority to include in the contract an assignment or transfer of the rent to plaintiff. Plaintiff appealed from an order denying a new trial.

It is contended by plaintiff (1) that it was within the authority of the agents to embody this special agreement in the contract of sale, because a usual and necessary incident to such contracts; and (2) that in any event defendants ratified the act of the agents by completing the transaction and conveying the property pursuant to the contract, even though they had no knowledge of this particular provision. We are unable to concur in either contention.

1. The authority conferred upon the agents by defendants, as shown by the written document, was restricted to a sale of the property for the sum of $42,000. It was not a general power of attorney, authorizing the agents to do any and all things defendants might or could have done in reference to the transaction, had they been present, but was limited to a sale of the property on the terms stated. This, of course, included such incidental authority as was

necessary to effect a sale, including the terms of payment, if time was authorized to be given the purchaser, the rate of interest on deferred payments, the time within which the transaction should be completed, and all other matters necessarily and usually incident to such transactions; but it clearly did not include, by implication or otherwise, the right to assign to prospective purchasers rent to accrue from tenants during the pendency of negotiations for a sale. An agreement of that nature is not necessarily incidental to such contracts, and the record furnishes no evidence of a custom or general practice in that respect. We are not justified in assuming as a matter of law the existence of such a custom among real estate dealers. The attempt of the agents, therefore, to assign the accruing rent, was beyond their authority and not binding on defendants. Kearns v. Nickse, 80 Conn. 23, 66 Atl. 779, 10 L. R. A. (N. S.) 1118, 10 Am. & Eng. Cas. An. 421. And it is unimportant that plaintiff was ignorant of their authority. Its officers knew that they were dealing with agents, and were bound to inquire as to the extent of their authority. Nye v. Swan, 49 Minn. 431, 52 N. W. 39; Jackson v. Badger, 35 Minn. 52, 54, 26 N. W. 908; 1 Current Law, 50; Tibbs v. Zirkle, 55 W. Va. 49, 46 S. E. 701, 104 Am. St. 977.

2. The second contention of plaintiff, namely, that defendants, by the execution of the deed in performance of the contract, thereby ratified the act of the agents in assigning the rent to accrue in the future, even conceding a lack of authority in the agents to so contract, is not sound. Defendants had no knowledge of the terms of the sale contract in this respect. The trial court so found, and this is not controverted by plaintiff. But it is insisted that knowledge on the part of defendants was not necessary; that inasmuch as they had authorized a sale, and having been informed that a contract for sale had been entered into by their agents, they were bound to inform themselves of all the terms thereof, and, failing in this, they cannot be heard to plead want of knowledge. This would undoubtedly be true if the assignment of rent was an essential element in a contract for the sale of land; for every agency carries with it power to do all things necessary or usual to effectuate the purposes for which it was created. But, as already held in

construing the agency contract, the right to assign the rent in question was not included therein, nor does the record show any custom or general practice of real estate dealers in this respect. Therefore the rule invoked by plaintiff does not apply. On the contrary, the case is controlled by the general rule that knowledge of all the facts is essential to ratification of unauthorized acts of an agent. Humphrey v. Havens, 12 Minn. 196 (298); Wheeler v. McGuire, 86 Ala. 398, 5 South. 190, 2 L. R. A. 808. The act of defendants in completing the sale by the execution of a proper deed was without knowledge of the terms of the contract, and in the absence of evidence to the contrary we are bound to assume that they proceeded on the theory that an authorized contract had been made. They were not bound to inquire whether the agents had exceeded their authority. Johnson v. Ogren, 102 Minn. 8, 112 N. W. 894; Jackson v. Badger, 35 Minn. 52, 26 N. W. 908.

The case of Tilleny v. Wolverton, 54 Minn. 75, 55 N. W. 822, cited by plaintiff, is not in point. In that case plaintiff had authorized her agents to sell certain of her real property. They effected a sale as such agents, and became interested as purchasers with those to whom they sold. The property was sold for $35,000. The plaintiff ratified the transaction, with notice that her agents were interested with the purchasers. The property was subsequently sold for $80,000, and plaintiff brought that action against her agents for the profits they realized in the matter, alleging that she had no notice, when she deeded the property pursuant to the contract, of the extent of the interest held by her agents as purchasers. The court held that, inasmuch as plaintiff knew that the agents were to some extent interested in the purchase, it was immaterial that she did not know the full extent thereof. In the case at bar defendants had no information whatever of the terms of the contract of sale.

Order affirmed.