# NICHOLAS STEIN v. CLARKE WAITE and Another.[1]

June 19, 1914.

Nos. 18,749—(244).

**Broker — authority to find purchaser not authority to make contract of sale.**

> An agreement in writing between the owner of lands and a real estate broker, authorizing him to find a purchaser upon stated terms, and agreeing upon the commissions to be paid, does not authorize the broker to enter into a contract of sale binding upon the owner; and the contract involved is construed to be a contract to find a purchaser.

Action in the district court for Stearns county against Clarke Waite and Ida Waite, his wife, to obtain specific performance of a certain agreement and to reform its terms. The case was tried before Parsons, J., who, at the close of plaintiff's case, denied defendants' motion to dismiss the action and made findings and ordered judgment reforming the agreement in certain respects but denied its specific enforcement. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*R. B. Brower*, for appellant.

*J. D. Sullivan*, for respondents.

DIBELL, C.

This is an action to reform and specifically enforce a contract to convey certain lands in Stearns county. There were findings and conclusions directing a reformation but refusing specific performance. The plaintiff appeals from the judgment.

The contract which, as reformed, it is sought specifically to enforce was executed by one Julia A. Wright, a real estate broker, purport-

[1] Reported in 148 N. W. 49.

---

Note.—The question of the power of a real-estate broker to make contract of sale is treated in notes in 17 L.R.A. (N.S.) 210 and 23 L.R.A. (N.S.) 982.

ing to act in behalf of the defendant Clarke Waite. We assume, without consideration, that this contract was sufficient in substance and execution to satisfy the statute of frauds, and pass directly to a consideration of the contract between Mrs. Wright and Waite.

The contract between Mrs. Wright and Waite was in writing. It was lost. The court finds its substance, omitting the description of the lands, as follows:

"That thereafter and in the month of October, 1911, the defendant, Clarke Waite with his then wife, one Mary Waite, who died subsequently, on April 9, 1912, made, executed and delivered to one Julia A. Wright, of the City of St. Cloud, in said county and state, a certain contract in writing, whereby they listed with the said Julia A. Wright the said lands hereinabove set forth for sale at fifty dollars per acre, and provided that not less than three thousand dollars should be paid down and the balance draw interest at the rate of six per cent per annum, with a commission of five per cent to the said Julia A. Wright in case she effected a sale. That the said Clarke and Mary Waite did not in and by said contract stipulate or agree to and with the said Julia A. Wright that the said Julia A. Wright should have, or did possess, the power or authority to sell the said real estate."

Under this finding the land was simply listed with the plaintiff, as a real estate broker, to find a purchaser. It was not intended that she should have authority to bind the defendant by an agreement to sell or convey. The distinction is clear. Instances where the contract between the owner and broker is such that the broker may bind the owner by a contract of sale are found in Peterson v. O'Connor, 106 Minn. 470, 119 N. W. 243, 130 Am. St. 618; Jackson v. Badger, 35 Minn. 52, 26 N. W. 908; Minor v. Willoughby & Powers, 3 Minn. 154 (225). Instances where the broker is without authority to bind the owner by a contract to convey, though he may have earned his commissions, are found in Larson v. O'Hara, 98 Minn. 71, 107 N. W. 821, 116 Am. St. 342, 8 Ann. Cas. 849; and Stillman v. Fitzgerald, 37 Minn. 186, 33 N. W. 564.

A number of cases from other jurisdictions are cited in Larson v. O'Hara, but we need not review them. It is very clear that the

contract gave Mrs. Wright no authority to bind Waite to a contract to sell or convey.

Judgment affirmed.