# W. A. ROSEBERRY AND ANOTHER, COPARTNERS DOING BUSINESS UNDER THE NAME OF ROSEBERRY AND BJORK v. HART-PARR COMPANY.[1]

## February 13, 1920.

## No. 21,598.

**Evidence of factory price sufficient to prove misrepresentation.**

1. Evidence as to the factory price of a tractor was properly received and was sufficient to warrant the jury in finding that such price was substantially less than defendant's agents had represented it to be.

**Principal cannot retain benefits of agent's contract and repudiate the agent's acts.**

2. When a principal retains the benefits of a contract obtained for him by his agent, he cannot repudiate the acts of the agent which induced the other party to the contract to enter into it on the ground that such acts were unauthorized. By accepting the contract he takes it with whatever taint attached to its origin, and, by retaining the fruits of the unauthorized acts, he assumes the same responsibility therefor as though they had been done with his authority.

[1]Reported in 176 N. W. 175.

**Contract — parol evidence of fraud in inception to impeach its validity.**

3. The parol evidence rule is not violated by the admission of evidence to show that a party to a written contract was induced to enter into it through fraudulent representations. The purpose of such evidence is not to add to or vary the terms of the contract, but to show that it was procured by fraud and impeach its validity as a whole.

**Continuance — failure of material witness not subpoenaed.**

4. The trial court did not abuse its discretion in denying defendant's application for a continuance, made while the trial was in progress, upon the ground that a material witness had failed to attend the trial as he had promised, it appearing that he had not been served with a subpoena, although he was within the state.

Action in the district court for Marshall county to recover $1,289, or in lieu thereof that plaintiff have judgment for the return and cancelation of the notes described in the complaint and $639. The facts are stated in the opinion. The case was tried before Grindeland, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,289. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*H. A. Libby,* for appellant.

*A. N. Eckstrom,* for respondents.

Lees, C.

In September, 1917, plaintiffs signed an order for the purchase from defendant of an oil tractor. They claim that it was represented to them that the factory or wholesale price of the tractor was $2,915. This was the price specified in the order, and it was to be paid by the execution of three notes of $800 each and by the delivery of a Universal tractor, valued at $515, which plaintiffs owned. In obtaining the order, defendant was represented by its agents, Mjoen & Schweich. The order was accepted, the notes executed, and the Universal tractor delivered, and the tractor ordered was shipped to plaintiffs, who paid the freight charges, amounting to $124. In April, 1918, one of the notes being overdue and unpaid, it was agreed that plaintiffs should return the tractor and that defendant should sell it and credit them on their notes with the amount received. This agreement was carried out, the tractor being resold for $1,750. In

January, 1919, plaintiffs learned of facts which led them to believe that the factory price of the tractor, when they ordered it, was $1,750 instead of $2,915, and in February they brought this action, demanding judgment for the unpaid balance of their notes, together with $515 for their old tractor and $124 freight paid on the new one, or, in lieu thereof, judgment for the return and cancelation of the notes and for $639 and interest.

The complaint alleged that, to induce plaintiffs to sign the order, defendant's agents falsely represented that the factory price of the tractor was $2,915; that the representation was made with intent to deceive plaintiffs; that they believed it to be true and were thereby induced to make the purchase, and that in fact such price was only $1,750.

There was a trial by jury and plaintiffs had a verdict for the full amount of their claim. A motion for a new trial was denied and defendant appeals.

1. Its first contention is that the evidence of the factory price of the tractor which plaintiffs offered should have been excluded, and that in any event it was insufficient to justify the jury in finding that such price was not $2,915. Plaintiffs called as a witness one Lundgren, a dealer in farm machinery in 1917 at Warren, the county seat of the county where the transactions occurred, who testified that in the fall of that year he bought and sold at Warren tractors manufactured by defendant and that defendant's factory or wholesale price at that time for tractors like the one plaintiffs ordered was $1,750. One Mills, a general agent for defendant, testified on cross-examination that the factory price was $2,915, but was subject to a dealer's discount of 20 per cent, with an additional discount of 6 per cent for cash. The testimony of these two witnesses was properly received and was sufficient to warrant the jury in finding that the factory price was substantially less than defendant's agent represented it to be.

2. Plaintiffs were allowed, over defendant's objection, to testify that they were induced to sign the order because Mjoen told them he would sell them the tractor at the wholesale or factory price and save them the dealer's commission, and that such price was $2,915. The second contention is that the court erred in receiving this testimony in view of the following provisions contained in the order:

"Unless authorized in writing from party duly empowered to delegate such authority, no employee of Hart-Parr Company, nor any agent, has any authority to waive, change or add to this contract, or to substitute any other or different contract, representation or warranty.

"No employee of Hart-Parr Company, unless authorized in writing from party duly empowered to delegate such authority, has any authority to bind the company by any statement, act or agreement."

The first clause relates to the authority of defendant's agents to modify the contract embodied in the order. Plaintiffs do not claim that the order does not correctly set forth their contract, hence the effect of this clause need not be considered.

The second clause purports to give notice to persons dealing with defendant through its agents of limitations upon the authority of such agents. It is claimed that it precludes plaintiffs from asserting that defendant was bound by the alleged misrepresentation, because they had notice that defendant would not recognize or be bound by any statements made by its agents, unless they were printed in the order blank it supplied or were authorized in writing by the company. This contention runs counter to a settled principle of the law of agency. It is this: When a principal retains the benefits of a contract obtained for him by his agent he cannot repudiate the acts of the agent which induced the other party to the contract to enter into it on the ground that such acts were unauthorized.

Defendant is here insisting that it has the right to retain plaintiffs' notes and the Universal tractor. It may be granted that in the first instance it neither authorized nor knew of the representations made by its agents, but when this action was brought and it asserted a right to the fruits of their acts, even though they were done without authority, it assumed the same responsibility for them as though they had been authorized and were within its knowledge originally. This court has stated the rule substantially as follows: One who adopts the unauthorized act of another done in his behalf and receives the benefits thereof is held to adopt and ratify the instrumentalities by which such benefits were obtained. By accepting a contract procured by the fraud of his agent, even though the agent acted contrary to his authority, he takes the contract with whatever taint attached to its origin. Albitz v. Minneapolis

& Pac. Ry. Co. 40 Minn. 476, 42 N. W. 394; Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533; Atherton v. Barber, 112 Minn. 523, 128 N. W. 827, 21 Ann. Cas. 873; Freeman v. F. P. Harbaugh Co. 114 Minn. 283, 130 N. W. 1110. See also Mechem, Agency, § 411, citing numerous cases to the same effect in other jurisdictions.

The claim that, if the alleged misrepresentation may be shown, a new term is added to the order in violation of the parol evidence rule, cannot be sustained. Parol evidence is always admissible to show that a party to a contract was induced to enter into it through fraudulent representations. The purpose of such evidence is to show that the contract was procured by fraud and impeach its validity as a whole, and not to change or modify its terms. General Electric Co. v. O'Connell, 118 Minn. 53, 136 N. W. 404; Edward Thompson Co. v. Schroeder, 131 Minn. 125, 154 N. W. 792; Nelson v. Berkner, 139 Minn. 301, 166 N. W. 347. We hold that the testimony under consideration was properly received and that defendant was not entitled to a dismissal at the close of plaintiff's case.

3. Mjoen was not subpoenaed and no witness fees were paid him. He had promised defendant that he would attend the trial and would have done so but for an unforeseen contingency, which arose after it was too late to subpoena him. Defendant was in communication with him for some time prior to the trial and he was within this state. After introducing the testimony of all its other witnesses, defendant called Mjoen. On his failure to respond, its counsel stated that it was taken by surprise and asked for a continuance, which was denied. We find no assignment of error specifically directed to this feature of the case, although much of defendant's brief is devoted to it. We might pass over the question for want of a proper assignment of error, but have concluded to consider it in view of the fact that counsel for defendant is a foreign attorney and has asked the indulgence of the court on account of his unfamiliarity with our rules of practice.

We are of the opinion that the trial court did not abuse its discretion in denying a continuance. Defendant should have subpoenaed Mjoen and paid him his witness fees. Instead of doing so, it saw fit to rely upon his promise to attend, and so ran the risk of losing the benefit of his testimony if he failed to keep his promise.

Finding no error in the record, the order denying a new trial is affirmed.