## PREMIER INVESTMENT COMPANY, INC. v. WESTERN SURETY COMPANY AND OTHERS.[1]

April 19, 1929.

No. 27,182.

*L. K. Eaton,* for appellant.

*Sam J. Levy,* for respondent.

[1]Reported in 225 N. W. 12.

STONE, J.

After a trial without a jury and adverse findings, defendant Western Surety Company appeals from the order denying its motion for an amendment of the findings or a new trial.

In July, 1926, plaintiff purchased from the Western Surety Company two so-called contracts for deed for Minneapolis residence properties. The vendors were the .defendants Frank L. and Nona M. Lucke, husband and wife. The assignments to plaintiff were on their face from the Luckes, but plaintiff purchased from one Kittelson, an agent of appellant, who held the assignments from the Luckes in blank as to the assignee. When plaintiff purchased them the blanks were filled and plaintiff named the assignee. The contracts were sold to plaintiff as the genuine obligations of the vendees, John and Elizabeth Swanson. It developed that the Swansons had signed mere blank forms which had been filled and used in a fashion ·wholly unauthorized and in such manner that the Swansons were not found at all, and their supposed contracts, purchased by plaintiff, worthless. The controlling findings to that effect are well supported by evidence. The complaint alleges that after plaintiff's discovery of the fraud perpetrated upon it it offered to return "all that plaintiff had received" from the defendants in the transaction. In addition to the assignments and the supposed contracts themselves, plaintiff had received a deed of the property. One of the conclusions of law is that the appellant is entitled to a reassignment of the contracts and to a reconveyance of the title of the involved premises.

■ Appellant was represented in the transaction with plaintiff by one Kittelson, an agent with limited powers, and a principal argument is that Kittelson was without authority to bind appellant as he attempted to bind it in the transaction with plaintiff. As we view the case, the scope of his actual authority at the time being was immaterial, for there is no question but that appellant got plaintiff's money, the $4,000 which it paid for the supposed Swanson contracts. That money was placed by Kittelson with the funds of appellant in his proper and authorized custody and disbursed as

the money of appellant and for its benefit. None of it was diverted by Kittelson—he faithfully used all of it in appellant's interests and for its purposes, the payment of claims for which, if not paid, appellant as the surety on building contractor's bonds might have become liable. So, all else aside, having gotten the sole benefit of his action, appellant cannot now deny Kittelson's authority to act for it. Roseberry v. Hart-Parr Co. 145 Minn. 142, 176 N. W. 175. That rule is especially just where the only relief sought or awarded is a rescission of the contract whereby both parties are placed in statu quo, plaintiff getting back its money and appellant getting back the contracts which Kittelson assumed to transfer for it.

■ The remaining argument for appellant has been examined and found to present no ground for reversal. The status of the title of the property involved and the effect of the deed which plaintiff received are immaterial because plaintiff has offered, and by the decision is obliged, to reassign the contracts and reconvey the property to appellant. There is little in the suggestion that the action is for damages for fraud rather than for rescission. We do not find that appellant took that position at the trial or in its motion for amended findings or a new trial. True, the complaint might have made it appear more clearly that plaintiff's one object was rescission; but, as it stands, that purpose does not seem to have been left in doubt. In the strict sense one who is successful in rescinding a contract and having the status quo ante restored suffers no damage. Kirby v. Dean, 159 Minn. 451, 199 N. W. 174.

If rescission is asked and plaintiff demands only the return of its money and defendant refuses, the complaint against the latter is not made one for damages for fraud rather than for rescission simply because it alleges that the defendant's refusal has damaged plaintiff in the amount which it seeks to recover, the latter being nothing more than what it parted with. "In personal actions there is a distinction between actions that sound in damages and those that do not; but in either of these cases it is equally the practice to lay damages." 1 Bouvier, Law Dic. (Rawle's 3 rev.) 750.

Going from pleadings to evidence, there is ample proof that upon discovering the worthlessness of the Swanson contracts, plaintiff

at once took steps to bring about a rescission, tendering back all that it had received and demanding only the money which it had paid.

Order affirmed.