E. G. ROBIE v. S. T. HOLDAHL.[1]

April 25, 1930.

No. 27,863.

[1]Reported in 230 N. W. 641.

M. J. *Hegland* and *Loring & Hougen,* for appellant.
*Courtney & Courtney* and *George M. Stebbins,* for respondent.

OLSEN, C.

Defendant appeals from an order denying his motion for a new trial.

The action is one to recover an assessment upon shares of stock held by the defendant in the Roseau Co-operative Company, a Minnesota corporation, hereinafter referred to as the company or the

Roseau company. The case was tried before the court without a jury and plaintiff recovered.

The defense presented is in substance that in 1922 the company gave a trust deed of all its property to its creditors, wherein this plaintiff was named as trustee, for the purpose of having such property converted into money and the proceeds applied to the payment of the debts of the company—in effect an assignment for the benefit of its creditors; that in consideration thereof the creditors agreed to waive and refrain from enforcing the stockholders' liability.

The trust deed in question was negotiated for and obtained by one Rollo G. Lacy, who was a collection agent for Stone-Ordean-Wells Company, one of the creditors. The trustee, E. G. Robie, is the manager of the Duluth Jobbers Credit Bureau, a corporation, not one of the creditors. The court found that Lacy, at the time he obtained the trust deed, orally agreed with the company that the stockholders of the company were released from stockholders' liability by giving the trust deed.

The two decisive findings of fact made by the trial court are as follows:

(a) "That said Lacy did not have any express or implied authority from any of the creditors of the Roseau company to make such oral contract releasing the Roseau company, or the stockholders thereof, from the stockholders' liability provided by law."

(b) "That the plaintiff has not directly or indirectly ratified said oral agreement."

It is further found that neither the plaintiff nor any of the creditors of the Roseau company learned of the said oral contract made by Lacy until the commencement of this action. The two findings above quoted are the only findings here challenged.

■ That Lacy had no actual or implied authority from any of the creditors of the Roseau company to promise or agree to waive or release the stockholders' liability is clearly shown and needs no discussion.

■ That the plaintiff and the creditors of the company have none of them ratified the unauthorized agreement made by Lacy is also

sufficiently shown. The trust deed was executed and delivered in June, 1922. It was a complete written contract, reciting an adequate consideration, and contained nothing releasing the stockholders' liability. The trustee took possession of the property, converted it into money, and applied the proceeds pro rata upon the debts of the company. The liquidation was completed in May, 1925. The terms and conditions of the trust were fully carried out. An indebtedness of some $17,000 to the creditors remained unpaid after the payment of the expenses and application of the remainder of the proceeds of the property upon the debts owing to the creditors. Thereafter the plaintiff, as assignee of the unpaid claims of a number of the creditors, brought suit against the Roseau company thereon. The company in that action defended on the ground that Lacy, at the time the trust deed was given, had orally agreed that all of the indebtedness of the company should be canceled and satisfied by the giving of the trust deed. The case was tried and resulted in a judgment in favor of the plaintiff. Execution was issued and returned unsatisfied. Upon application of plaintiff, he was appointed receiver in the action for the purpose of enforcing the stockholders' liability. On notice to the company and its stockholders a hearing was then had as to stockholders' liability, and the court made its order levying an assessment on the stock. The receiver then brought this action to recover such assessment upon the stock owned by this defendant. Up to the time of the commencement of this action neither the plaintiff nor any of the creditors represented by him had any notice or knowledge of the alleged oral agreement by Lacy to release stockholders' liability.

The case was here before on an appeal from an order sustaining a demurrer to the answer, 175 Minn. 44, 219 N. W. 945. It was there decided that creditors might waive or release their right to resort to the stockholders' liability in consideration of an assignment by the corporation of its property to a trustee for their benefit; that a parol agreement so to do does not vary the terms of the written assignment or trust deed; and that the defense of waiver or release of such liability is not determined by the order of assessment and may be interposed when the receiver brings suit against

the stockholder. The questions whether Lacy had any authority to make the agreement to release stockholders, and whether the creditors had ratified it, were not involved or considered on that appeal.

The claim of defendant is that by accepting the benefits of the trust deed this plaintiff and all the creditors of the Roseau company ratified and became bound by the oral promise and agreement of Lacy that the stockholders were released from stockholders' liability. Among others the following cases are cited: Albitz v. M. & P. Ry. Co. 40 Minn. 476, 42 N. W. 394; Knappen v. Freeman, 47 Minn. 491, 50 N. W. 533; Freeman v. F. P. Harbaugh Co. 114 Minn. 283, 130 N. W. 1110; Roseberry v. Hart-Parr Co. 145 Minn. 142, 176 N. W. 175; Pioneer Elec. Co. v. McCurdy, 151 Minn. 304, 186 N. W. 776; Premier Inv. Co. v. Western Surety Co. 177 Minn. 256, 225 N. W. 12; Luebke v. J. I. Case T. M. Co. 178 Minn. 40, 226 N. W. 415. Three of these cases were actions to recover damages for fraud committed by an agent in the sale of property; one an action to recover money paid to defendant's agent without consideration, induced by fraud of the agent; one an action for breach of warranty made by the agent; one an action to recover on a note where the defense was fraud and rescission; one an action to cancel a deed given without consideration on the ground of fraud of the agent. On the facts neither case is similar to the present case. In the Pioneer Electric Company case, 151 Minn. 304, 186 N. W. 776, the court held that as the agent had authority to sell, the question whether his authority was limited to taking an order subject to approval at the home office was made by the evidence a question of fact.

The present action is not brought to recover upon, rescind, or modify the trust deed, nor for damages on account of any fraud. The answer contains some allegations of fraud in reference to matters not connected with the alleged release of the stockholders' liability, but no attempt was made to prove any such fraud. The action is based on the constitutional liability of the stockholders of the company. It was held, when the case was here before, that an oral agreement, as here claimed, to release the stockholders' lia-

bility was so separate and apart from the contract evidenced by the trust deed that evidence to prove the oral agreement did not vary or contradict the written contract.

The general rules of agency are well known. The principal is bound by the acts of his agent acting as such within the scope of his authority. As a general rule a principal is not liable on the unauthorized contracts of an agent. Unauthorized acts of one assuming to act as agent for another may be ratified by the one sought to be charged as principal. Ratification is not binding unless made with full knowledge of all the material facts. If a principal accepts and retains the benefits and profits of an unauthorized act of an agent, with full knowledge of the material facts, he thereby ratifies the act. 1 Dunnell, Minn. Dig. (2 ed.) §§ 179, 181, 184, 210, and 211.

In Pioneer Elec. Co. v. McCurdy, 151 Minn. 304, 308, 186 N. W. 776, 778, the court said:

"The facts disclosed imposed upon plaintiff the duty to inquire into the transaction, and, if inquiry had been made, the transaction in its true light naturally would have been disclosed," citing Ehrmanntraut v. Robinson, 52 Minn. 333, 54 N. W. 188; Johnson v. Ogren, 102 Minn. 8, 112 N. W. 894.

The evidence in the present case fails to disclose any such duty. The evidence discloses no other benefit to the creditors of the company except a part payment of their debts, something they were legally entitled to receive and retain irrespective of any contract. The company agreed to do nothing else except to apply its property to the payment of its valid debts, something that the law required it to do. The manner in which this was done is not important. It is different from the case where an agent sells goods or real estate to a purchaser and the principal receives and accepts the purchase price and profits of the sale.

At the time the trust deed was given, the Roseau company and its directors and members who agreed to make it were informed that the contract must be consented to by the creditors before it would become effective. By the terms of the deed the creditors were made

parties thereto, and it was not to become effective until signed by one or more of the creditors. The deed was a printed form in use by the credit bureau and creditors, providing that the trustee should convert the property conveyed into money and apply the proceeds, less expenses, pro rata to the payment of the debts of the company, as far as the money would go, and repay any surplus. It gave the trustee authority to continue the business temporarily if he deemed it best so to do, and contained certain limitations as to his liability in case the trust was defeated by bankruptcy proceedings. The directors and officers of the Roseau company inserted in or attached to the deed certain conditions for continuance of the business for a specified time and for a return of the property in case a payment of $8,000 was made within that time. They were informed that the trustee and creditors might not consent to any conditions other than as stated in the printed form used. Objection to the added conditions was promptly made, and thereupon a new deed was made and delivered without any other conditions than those in the regular printed form. The trustee and creditors consented to this second deed, and the trustee took possession of the property thereunder. One of the directors of the Roseau company, a witness for defendant, testified that Lacy said he would not put any agreement to release stockholders' liability in the deed; that the creditors would not stand for it. It is clear that the parties had full knowledge that Lacy had no authority to make any agreement to release stockholders' liability and that they knew that the creditors would not consent to any such agreement. The court found that while Lacy made such a promise he had no authority so to do, and the plaintiff and creditors were not bound thereby.

It is the rule that one who deals with an agent or purported agent, knowing that he has no authority or only a limited authority, cannot hold the principal for acts which he knows transcend the authority of such agent. 21 R. C. L. 908-909, and notes 5, 6 and 7.

It is also stated that there is no ratification if, at the time it becomes known that the agent exceeded his authority, the principal has, without fault on his part, parted with the property received

and put it beyond his power to return or restore the benefits received, or if without his fault conditions are such that he cannot be placed in statu quo or repudiate the entire transaction without serious loss. 2 C. J. 496; Humphrey v. Havens, 12 Minn. 196 (298); John Gund Brg. Co. v. Tourtelotte, 108 Minn. 71, 121 N. W. 417, 29 L.R.A.(N.S.) 210; Schoenborn v. State Bank, 159 Minn. 205, 198 N. W. 801.

For some five years after the trust deed was given and some two years after the trust was fully executed and settled no claim was made to the trustee or the creditors that any agreement had been made with them to release the stockholders' liability. In May, 1925, this defendant made certain bids in writing for the remaining stock of merchandise and fixtures, then being closed out by the trustee, on condition that he and certain named members of his family be eliminated from any stock assessment. The bids were not accepted.

Taking the evidence as a whole, we find it sufficient to sustain the findings of the court that the plaintiff and the creditors of the company were not bound by the promise or agreement of Lacy to release stockholders' liability, and that the creditors now represented by the plaintiff have not ratified any such agreement. Some of the creditors testified on cross-examination that all they were looking for was the payment of their claims and that they did not care what method was used so long as it was an honorable one. They had already testified that they had nothing to do with Lacy and had no knowledge of any promise or agreement by him to release stockholders' liability until presented in this action; that they had authorized no one to make such an agreement; and that they had consented to the second trust deed as it is written. There is nothing in this testimony to indicate any ratification of any oral promise or agreement by Lacy. That it would not be an honorable method by one, even if authorized to collect a debt, to release a debtor from part or all of his liability, without authority and without informing his principal, is apparent.

There are general assignments of error that the conclusions of law and order for judgment are not sustained by the evidence. No

findings of fact, except the two we have considered, are pointed out as erroneous. The evidence and findings of fact sufficiently sustain the conclusions of law and order for judgment.

Plaintiff cites authorities on questions of waiver and estoppel. We do not deem it necessary to discuss those questions here.

Order affirmed.

[1]Reported in 230 N. W. 645.