KAUSCHER et, Plaintiffs-Appellants, v. NATIONAL BUILDERS AND REALTORS, INC., Defendant-Appellee, and FITZGERALD et, Defendants-Appellees.

Ohio Appeals, First District, Hamilton County.

No. 7133. Decided October 10, 1949.

Anthony P. Conlon, John A. Thorburn, Cincinnati, for plaintiffs-appellants.

Cedric Vogel, J. W. Taylor, Cincinnati, for Gaither N. Fitzgerald and Mabel Fitzgerald.

## OPINION

By MATTHEWS, J.:

The plaintiffs-appellants made a written offer on a printed form to buy certain real estate, in which it was stipulated that "Occupancy to be given on or before date deed is delivered." At the same time, they deposited $300.00, as earnest money, with the realtor, who negotiated the sale and who prepared the offer. The defendants-appellees, to whom the offer was made struck out or cancelled the words "on or before", signed the printed acceptance immediately below the offerors' signatures and returned it to them. Five days after receipt of the acceptance the plaintiffs-appellants noticed this deletion of the words "on or before" from their offer and

notified the defendants-appellees that they did not consider themselves bound.

This action was instituted in the Municipal Court of Cincinnati to recover the $300.00 deposited with the agent as earnest money. The agent interpleaded the defendants-appellees. The Municipal Court rendered judgment for the plaintiffs. On appeal to the Common Pleas Court, that Court reversed the judgment and rendered final judgment for the defendants. It is from this latter judgment that this appeal was taken.

The defendant-appellee testified that he had the words "on or before" deleted "for the reason that he had interpreted those words as meaning that possession of the property might be delivered before the deed was given," which we construe as meaning that he intended thereby to remove all hope, if any existed, that possession would be yielded before the delivery of the deed.

The plaintiffs-appellants base their right to a recovery of the earnest money solely on the ground that the deletion of "on or before" from their offer was a material alteration, that, therefore, the minds of the parties had not met and no contract effected.

There is no doubt that there must be a meeting of the minds in order to form a contract, but that does not mean that the offeree must parrot the words of the offeror. It does mean that they must have the same contractual intent, as disclosed by their outward manifestation. Their minds must meet on the contractual obligation created.

Now did the deletion of the phrase "on or before" change the meaning of the plaintiff-appellees' offer? Its inclusion would permit the defendants-appellants the full time up to the designated date in which to deliver possession. The plaintiffs-appellees could not compel them to deliver at an earlier date. They would be under no obligation to deliver earlier.

After the deletion, the defendants-appellees were bound to deliver on date deed was delivered. That was the same obligation that would have been created by the inclusion of the phrase "on or before." With or without the words the defendants-appellees could have delivered earlier, but were under no obligation so to do.

We are told that the Common Pleas Court in finding for the defendants relied principally upon Deakin v. Underwood, 33 N. W. (Minn.) 318. In that case an agent was authorized to sell real estate "one-half payable on or before one year." The court held that this authorized the agent to sell "one-half payable in one year," and at 319 said: "The terms of

the contract, as executed, so far as they affect the rights of defendant, were in legal effect the same as those authorized. By each he would be entitled to demand payment in one year, and not before."

Counsel seek to avoid the force of this decision and rely on Jackson v. Badger, 26 N. W. 908, decided by the same court. The cases are not in conflict. All the latter case held was that where an agent is authorized to provide for payment three years after date, it confers no authority to provide for payment on or before three years after date.

We are of opinion that the Court of Common Pleas correctly held that the deletion of the phrase "on or before" was not a material alteration and, therefore, did not prevent the minds of the parties from meeting and that the plaintiffs-appellees were not justified in repudiating the contract created by the offer and acceptance.

For these reasons, the judgment of the Common Pleas is affirmed.

HILDEBRANT & MATTHEWS, JJ, concur.
ROSS, PJ, dissents in separate memorandum.

By ROSS, PJ, (DISSENTING):

I dissent from the conclusion of the majority of the court, for the reason that the prospective purchaser made a definite offer to purchase. There was no occasion for any modification of a categorical acceptance by the seller. However, he deemed it important to modify a mere acceptance by deleting from the offer the words "on or before".

The conception of parties to a contract has, at least, some bearing upon the intent of the parties. It is manifest the prospective purchaser wanted the words deleted left in the offer, and it is just as obvious the seller wanted them out.

The offer was never accepted by the seller, but, on the other hand, a counter-offer, in effect, was made by the seller, which the prospective purchaser hastened to tell the seller was not considered an acceptance.

In my opinion, the judgment of the Municipal Court in favor of the plaintiff purchaser for the amount of his deposit should be affirmed, after reversal of the judgment of the Common Pleas Court, reversing such judgment of the Municipal Court.